## Struthers *versus* Dunkirk, Warren and Pittsburgh Railway Co.

1. A common-law action does not lie against a railroad for consequential injuries occasioned by the construction and operation of its road.

2. A railroad company was authorized by its charter to construct its road to any given point in the town of Warren. It constructed its road on a public street immediately in front of plaintiff's premises, who brought suit to recover damages for the inconvenience and annoyance occasioned thereby. *Held*, that the discretion of the directors of the company in selecting the route of the road could not be inquired into by the court. *Held, further*, that in the absence of any express provision therefor in the charter, the company was not liable in damages for the annoyance to a property-owner fronting on a public street so taken, caused by the passage of trains, the cinders and smoke, and the hindrance to the passage of carriages.

June 7th 1878. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Trunkey, JJ.

Error to the Court of Common Pleas of *Warren county*: Of May Term 1878, No. 129.

Case by Thomas Struthers against the Dunkirk, Warren and Pittsburgh Railway Co.

[Struthers *v.* Dunkirk, &c., Railway Co.]

Under an Act of Assembly approved March 24th 1870, Pamph. L. 550, the Conewango Valley Railroad Company was organized, and letters patent issued prior to April 18th 1870. On the 5th of May 1870 it was consolidated with defendants' road, and became "The Dunkirk, Warren and Pittsburgh Railway Company."

The Conewango Valley Railroad Company, by the act of incorporation, were authorized to construct a railroad, with one or more tracks, "from the northern boundary of the county of Warren, Pennsylvania, to any point in the borough of Warren," and to cross at grade and connect with any railroad built or hereafter to be built at either end, or any intermediate point. "And the said railroad company shall be entitled to all the privileges and be subject to all the provisions and restrictions prescribed by an act regulating railroad companies, approved the 19th day of February 1849, together with the supplements thereto, except in so far as they are inconsistent with this act."

In August 1871, the defendants entered upon, laid and constructed their railroad along the centre of High street, from a point eastward of the plaintiff's premises, to or near the western line of the town, and in its course directly in front of plaintiff's premises. At the time of the building of the defendants' road, the plaintiff had erected and nearly completed, at an expense of from $20,000 to $30,000, a brick dwelling-house on his premises before-mentioned, and by this suit, brought October 10th 1871, he claimed to recover damages for the inconvenience, annoyance and expense actually sustained by him to the time of bringing suit, in consequence of the building and using by the defendant of their railroad in front of his house. The right, and not the amount of damages, was the principal question, it being agreed that if plaintiff had the right, a verdict of $50 might be rendered.

On the trial of the case the plaintiff offered to prove that no necessity or good reason existed for building defendant's road along High street in the borough of Warren; that a route shorter in distance and of easier curvature was attainable at but a small increase in expense, and by which the defendant's road would have reached its terminus and made its connection without occupying any portion of High street or any other street longitudinally, and working much less injury to both public and private interests.

The court rejected this offer and directed the jury to find for defendants, which action was assigned for error.

*W. D. Brown, S. P. Johnson* and *G. W. Scofield,* for plaintiff in error.—The Acts of Assembly under which defendant's road was built, do not authorize the occupation of High street, in the absence of affirmative evidence that a reasonable necessity existed therefor. Neither can the defendant create such a necessity by the selection of the terminus of its road, in the absence of affirmative

evidence that a reasonable necessity existed for such terminus : 1 Redfield Law of Railways 297 ; Springfield *v.* Conn. Railroad Co., 4 Cushing 63; Phila. & Trenton Railroad Co., 6 Whart. 43; Commonwealth *v.* Erie & N. E. Railroad, 3 Casey 354.

The ruling in Cleveland & Pittsburgh Railroad *v.* Speer, 6 P. F. Smith 325, on which the court below based the rejection of the plaintiff's offer, is not to the point. In that case the right of the road to lay its main track on the street was not directly raised. The right to the main line being taken as existing, the decision was that the right to build and maintain switches could not be questioned. Here the issue is as to the right to occupy the street by defendant with its main track.

The plaintiff has a right of property in the ground and soil of High street for the purpose of ingress and egress to and from his premises, unobstructed by defendants' railroad : Tate *v.* O. & M. Railroad, 7 Porter (Ind.) 479. In maintaining this proposition the plaintiff does not forget that it is not in harmony with the former decisions of this court, but a rigid adherence to the maxim *stare decisis* would leave the plaintiff to endure great wrong without hope of remedy. The plaintiff is therefore emboldened to ask the reconsideration of former decisions, with the view of ascertaining whether or not they accord with the fundamental law of the state. See Eaton *v.* Boston Railroad Co., 51 N. H. 504.

If the Act of Assembly incorporating defendant's road does authorize the occupation of High street, and if, as is herein claimed, the plaintiff has a right of property in the use of that street unobstructed by a railroad, it follows that the act itself is invalid, inasmuch as no provision is made for the assessment and payment of damages for the occupation of a street in a borough, except in the case of a cut or an embankment : O'Connor *v.* Pittsburgh, 6 Harris 187 ; Hinchman *v.* Paterson Horse Railroad, 2 C. E. Green (N. J.) 75; Piscataqua Bridge *v.* N. H. Bridge, 7 N. H. 35–65; Booth *v.* Town of Woodbury, 32 Conn. 120 ; People *v.* Mayor of Brooklyn, 4 N. Y. 419; Brand *v.* H. & C. Railroad, Law Rep. 2 Q. B. 223.

*R. Brown*, for defendants in error.—In this state a railroad company may use a public street or highway, when authorized by its charter expressly or inferentially : Cleveland & Pittsburgh Railroad *v.* Speer, *supra ;* Phila. & Trenton Railroad, *supra ;* Mifflin *v.* Railroad, 4 Harris 192 ; Mercer *v.* Pittsburgh, Ft. Wayne and Chicago Railroad Co., 12 Casey 99 ; Commonwealth *v.* Erie & N. E. Railroad Co., 3 Id. 354; Danville, &c., Railroad Co. *v.* Commonwealth, 23 P. F. Smith 38 ; Faust *et al. v.* Passenger Railway Co., 3 Phila. R. 164.

A common-law action does not lie against a corporation for a consequential injury occasioned by the construction and mainten-

ance of its works: Monongahela Nav. Co. v. Coons, 6 W. & S. 101; Henry v. Bridge Co., 8 Id. 85; N. Y. & Erie Railroad Co., 9 Casey 175; West Branch Canal Co. v. Mulliner, 18 P. F. Smith 361; Watson v. Pittsburgh and Connellsville Railroad, 1 Wright 479; Black v. Phila. & Reading Railroad Co., 8 P. F. Smith 252.

The right to locate the road lies in the directors alone, and not in the court: N. Y. & Erie Railroad Co. v. Young, 9 Casey 175; Cleveland & Pittsburgh Railroad Co., supra; Parke's Appeal, 14 P. F. Smith 137.

The case of Eaton v. Boston Railroad, supra, is plainly distinguishable from this case. There was there an actual interference with the rights of property, and a disturbance of the plaintiff's possession.

Mr. Justice PAXSON· delivered the opinion of the court, June 17th 1878.

The defendant corporation was authorized by its charter to construct a railroad from the northern boundary of the county of Warren to any point in the borough of Warren. With the consent of the borough authorities, the defendants, in August 1871, laid and constructed their railroad along the centre of High street, in the borough of Warren, directly in front of plaintiff's premises. At the time the defendants' road was being constructed, the plaintiff had erected and nearly completed, at considerable expense, a handsome dwelling-house on his said premises, and brought this action of trespass on the case to recover damages for the inconvenience and annoyance occasioned by the building and operating of the railroad immediately in front of his residence. The pleadings are not given, but we gather from the charge of the court that the annoyance caused by the passage of trains, the cinders and smoke, and the hindrance to the passage of carriages, were the chief matters of complaint. However considerable these annoyances may be, they do not constitute a cause of action. There is no principle of law better settled in Pennsylvania, than that a common-law action does not lie against a corporation for consequential injuries occasioned by the construction and operation of its works: Monongahela Navigation Co. v. Coons, 6 W. & S. 101; Henry v. The Bridge Co., 8 Id. 85; N. Y. & Erie Railroad Co. v. Young, 9 Casey 175; O'Conner v. The City of Pittsburgh, 6 Harris 187; Watson v. The Pittsburgh and Connellsville Railroad Co., 1 Wright 469; Cleveland and Pittsburgh Railroad Co. v. Speer, 6 P. F. Smith 325; West Branch Canal Co. v. Mulliner, 18 Id. 357. It is equally clear that a railroad company may use a public street or highway for its road, when authorized by its charter to do so: Philadelphia and Trenton Railroad Co., 6 Whart. 25; Mifflin v. The Railroad Co., 4 Harris 182; Mercer v. The Pittsburgh, F. W. & C. Railroad Co.. 12

[Struthers *v.* Dunkirk, &c., Railway Co.]

Casey 99; Commonwealth *v.* Erie & North East Railroad Co., 3 Id. 339. There is only one question remaining in the case, and that is, whether the court below should have received evidence to show that the company might have located its road upon another route, and thus have avoided laying the track upon High street. We are clearly of opinion that the learned judge was right in excluding evidence of this character, and also in his answers to the points in which the same question was presented. The discretion of the company in locating its road cannot be reviewed in this manner. The location was made in the exercise of an undoubted power. It was said in Parke's Appeal, 14 P. F. Smith 137 : "Neither the court below nor this court has any right to interfere with the location made by the company on the score of preference, if any be felt. The only question is, whether it has or has not exceeded a discretion on the subject, apparent on the face of the act of incorporation." See also N. Y. & Erie Railroad Co. *v.* Young, 9 Casey 175, and Cleveland & Pittsburgh Railroad Co. *v.* Speer, *supra.*

It was admitted by the learned counsel for the plaintiff, that the current of authority was against his view of the case, and we were urged to review the previous decisions of this court and recast them in harmony with the state of public opinion at the present day. We see no reason why the law should change to suit the barometer of public opinion. On the contrary, we see many reasons why it should not. And especially are we not disposed, for such reason, to overturn a long line of cases, solemnly decided, which have, to some extent, become rules of property, and upon the faith of which investments have been made and rights have grown up. It is our duty to apply the maxim *stare decisis.*

Judgment affirmed.