# COUNTY OF CHESTER v. I. J. BROWER.

ERROR TO THE COURT OF COMMON PLEAS OF CHESTER COUNTY.

Argued February 10, 1886—Decided January 9, 1888.

1. Within the meaning of § 8, article XVI., of the constitution, providing that "municipal and other corporations and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements," a county is a corporation liable for consequential damages to private property injured, but not actually taken, in the erection of a county bridge.

2. Though the legislature has not provided a remedy to enforce this constitutional right so far as counties are concerned, yet when consequential damages within the provision have been sustained, the right to compensation may be enforced by an action on the case.

Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK JJ.; TRUNKEY, J., absent.

No. 92 January Term 1886, Sup. Ct.; court below, No. 32 April Term 1884, C. P.

In the court below, Irwin J. Brower brought an action on the case against the county of Chester, to recover damages to his property alleged to have been caused by the erection of a county bridge on the line of Gay street, in Phœnixville. The defendant pleaded, not guilty.

Gay street is a regularly established and traveled street in the borough of Phœnixville, laid out by juries appointed by the Court of Quarter Sessions in 1865 and 1872, the damages for opening then assessed and paid and the street opened to the width of forty-four feet. Irwin J. Brower is the owner of a house and lot of land on Gay street, his property line extending along Gay street towards French creek, a distance of sixty feet. In 1882, legal proceedings were instituted for the erection of a county bridge over French creek along the line of Gay street, resulting in the building by the county of an iron bridge with stone abutments and piers, which was opened

for travel on March 8, 1884. The approach or abutment of the bridge at the southern end, on Gay street, is of solid masonry, thirty-one feet in width, occupying the centre of the street and extending along the same a distance of one hundred and sixty feet, five inches, and in front of the property of Mr. Brower. The approach, in front of the plaintiff's property, is nine feet six inches in average width, and is about, seven feet distant from the property line. At this point, the street can no longer be used except for travel on foot, the travel now passing over the approach and upon the bridge, which at the abutment is about fourteen feet above the level of the street.

At the trial on January 6, 1885, the foregoing facts appeared, when the court, J. SMITH FUTHEY, P. J., charged the jury and answered the points presented as follows :—

. . . . The plaintiff alleges that his property has been injured by reason of the erection of this wall on the public street, and claims that he is entitled to recover damages for the injury he has sustained. In answer to this claim, the defendant contends, firstly, that as matter of law, the plaintiff is not entitled to recover damages for any injury he has sustained, because such injury is consequential in its character, and damages of that character cannot be recovered against a county ; and, secondly, that as matter of fact no such damages have been sustained. In regard to the first defence, that a county is not liable for consequential damages, the court will reserve its decision for future determination, if the result of the jury's deliberations shall render it necessary.

The second question I submit to you, namely : whether the plaintiff has sustained any damage by the erection and maintenance of this approach to the bridge upon the street in front of his property. In determining this question, you will follow the rule laid down by the Supreme Court, and ascertain what was the reasonable market value of the property before the bridge was erected, taking the street and all the surroundings as they were, and then determine its reasonable market value after the bridge was erected, the difference between the two values, if there is any, being the measure of damages. . . .

You will, therefore, take the case and ascertain, under the

evidence, the amount of damage, if any, the plaintiff's property has sustained by reason of the erection of this bridge, and render your verdict accordingly.

I have been requested by the defendant to instruct you upon certain points. The first, second, fourth and sixth points raise the question as to the liability of the county of Chester for the payment of consequential damages, and are as follows, namely:

1. The plaintiff is not entitled to recover in the present form of action.[1]

2. The county of Chester is not liable for consequential damages arising from the location and erection of the approaches of a county bridge upon the public street of an incorporated borough.[2]

4. Under the evidence the verdict should be for the defendant.[3]

6. The damages, if any, sustained in this case, being purely consequential, the county of Chester is not liable.[4]

These points are reserved.

3. The measure of damages, if any, is the difference in the market value of the plaintiff's property immediately before the erection of the Gay street bridge and its value immediately afterwards as affected by the bridge.

This point is affirmed.

5. The plaintiff cannot recover in this action damages sustained by the taking of the pavement in front of his property on Gay street, nor for inconvenience of access to his stable.

In reference to the first part of this point, I understand from the evidence that this bridge was erected upon the ground set apart and used as the street, and that, therefore, the damages alleged to have been sustained by the plaintiff are consequential in their character. It also appears that the pavement forms part of the public street. The plaintiff, therefore, would not be entitled to damages by reason of the taking of the ground, but if by reason of the erection of the bridge on the public street, the property has been injured, under the instruction I have already given you, he would be entitled to recover damages. . . . . . If you find the plaintiff entitled to damages, he is entitled to interest from the time the damage accrued, when the bridge was completed, to the present time.—

Upon this charge, the jury found a verdict for the plaintiff for $650. The questions reserved having been argued the court filed an opinion, which after stating the facts proceeded :

The court, on the trial, reserved the question raised by defendant's points, whether a county is liable in an action for consequential damages, and submitted the question of fact to the jury, whether the plaintiff had sustained such damages, and, if so, to ascertain the amount. The jury have found in his favor, and the question reserved is now presented for decision.

It is conceded, that before the adoption of the constitution of 1874, such an action for consequential damages could not be maintained : Struthers v. Dunkirk Railway Co., 87 Pa. 284; Malone v. City of Philadelphia, 12 W. N. 396. That constitution, however, provides, article XVI., § 8, that "municipal and other corporations and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed, by the construction or enlargement of their works, highways, or improvements, which compensation shall be paid or secured before such taking, injury, or destruction." Under this provision it has been held that the corporations named in the act, and individuals, are liable to damages for injuries done to real estate, which are consequential in their character, and where the land injured has not been entered upon : City of Reading v. Althouse, 93 Pa. 400 ; Pusey v. City of Allegheny, 98 Pa. 522.

Is a county liable to such damages ? Counties have authority to erect county bridges, and are charged with their erection and maintenance, and also with their re-erection when required. If in so doing they change the grade of the highway on which they erect the bridge, by making embankments thereon, or erecting walls, which, while made necessary by the erection of the bridge, do injury to houses and lands abutting thereon, we are of opinion they are liable for the injury thus done.

Municipal corporations, under the constitution of 1874, are liable for consequential damages done by the grading of streets. Any municipality which has authority over highways is a municipal corporation within the meaning of the constitution. If such municipality in the construction or enlargement

of its highways injures property, it comes within the express provision of the constitution, that it " shall make just compensation for property taken, injured, or destroyed." Counties have authority over the highways so far as the construction and maintenance of county bridges thereon is concerned. The damages done by the opening of highways are assessed and paid at the time of such opening. If, in the subsequent erection of a county bridge, not authorized when the road was opened, property is injured, the county must make "just compensation" therefor.

The legislature having made no provision for the assessment of damages for injuries thus done, the county is liable to a common law action : Miller v. Penn. R. Co., Common Pleas of Chester county.

The defendant's points reserved by the court are disaffirmed, and judgment directed to be entered on the verdict on the payment of the verdict fee.

Judgment having been entered on the verdict, the defendant then took this writ, assigning as error :

1–4. The ruling upon the defendant's points.[1 to 4]

*Mr. H. H. Gilkyson* and *Mr. Wm. B. Waddell* for the plaintiff in error :

It is conceded that before the adoption of the constitution of 1874, no remedy existed for the recovery of damages beyond the actual taking of the land. The plaintiff can now recover consequential damages only by showing that the injury done to his property falls within the provisions of § 8, art. XVI., of that constitution, and that the defendant county is a municipal or other corporation within the same provisions. As this court always held with reference to the provisions of the constitution of 1790 and 1838, to the necessity of a literal interpretation of the clauses requiring compensation for property taken : In re Phil. & T. R. Co., 6 Wh. 25 ; Monongahela Nav. Co. v. Coons, 6 W. & S. 101, we ask in this case the same strict legal interpretation of the like provisions of the constitution of 1874. There can be no contention that the provisions of that constitution referred to were not intended to provide for consequential injuries ; but, aside from this, they cannot without a forced and unnatural construction be held to include this defendant.

1. The county of Chester is not a municipal corporation: Bouv. L. D.; 1 Dill. Mun. C. §§ 22, 23; Hamilton Co. v. Mighels, 7 Ohio 109. The legal status of counties in this state has been fixed by this court, as not " strictly municipal corporations : " Kittaning Acad. v. Brown, 41 Pa. 270 ; Wharton v. Sch. Directors, 42 Pa. 358; Commonwealth v. Beamish, 3 W. N. 111. ˙ In other states the same view is taken: Talbot v. Queen Anne's County, 50 Md. 245; Wehn v. Gage Co., 5 Neb. 494; Finch v. Board etc., 30 Ohio 37; Askin v. Hale Co., 54 Ala. 639 ; Hamilton Co. v. Mighels, 7 Ohio 109.

2. The county of Chester is not invested with the privilege of taking private property for public use. In the laying out and opening of highways, the powers of a county are limited to the payment of damages and the expenses of laying out a road in compliance with the general law of the state. These damages are paid by the state, through its local subdivision, the county. No responsibility rests upon the county for negligence in the laying out, opening or repairing of highways; its duty and responsibility ends with the payment of the damages for the land taken. In the opening of streets in boroughs, all damages assessed beyond the value of the land taken are paid by the borough: § 27, act of April 3, 1851, P. L. 326. A bridge is but part of the highway, and can only be erected where the land has already been dedicated to public use: § 35, act of June 16, 1836, P. L. 560. Nor are counties within the spirit, nor do they fall within the mischief and the remedy, of the constitutional provision. The operation of the section is extended to such corporations or individuals as the legislature has invested with the right of " construction or enlargement of their works, highways or improvements." What works, highways or improvements has a county the right to construct or enlarge ?

3. This is an action founded on a tort. The erection of the bridge was done by virtue of the sovereign power of the state; no negligence or want of skill is alleged, and for such injuries as unavoidably flow from the proper exercise of the sovereignty of the state, no recovery can be had in a common law action: McKinney v. Monongahela Nav. Co., 14 Pa. 65; Spangler's App., 64 Pa. 387; Monongahela Nav. Co. v. Coons, 6 W. & S. 114; Henry v. Bridge Co., 8 W. & S. 85; Watson v. Railroad

Co., 37 Pa. 479; Struthers v. Railroad Co., 87 Pa. 282; Wattson v. Railroad Co., 83 Pa. 254. The concluding words of § 8, art. XVI., prohibiting the general assembly from "depriving any person of an appeal from any preliminary assessment of damages against any such corporations or individuals," preclude the adoption of a common law action. In the act regulating such appeals, June 13, 1874, P. L. 283, substantially the same language is used.

4. The constitutional provision is not self-executing, but requires legislative enactment to give it effect: Cooley Const. Lim., 83*, 98; School Board v. Patten, 62 Mo. 444; Lamb v. Lane, 4 Ohio 167; Gillinwater v. Railroad Co., 13 Ill. 1; Cairo etc. R. Co. v. Trout, 32 Ark. 17. A remedy has been provided by act of assembly for the recovery of consequential damages from every other class of corporations or municipalities, save and excepting only counties. Such an oversight can have but one meaning—that counties are not embraced within the terms of the constitutional provision, and that where no right is given no remedy is required: Lehigh Iron Co. v. Township, 81 Pa. 482; Wattson v. Railroad, 83 Pa. 254; White v. McKeesport, 101 Pa. 394.

*Mr. R. E. Monaghan* and *Mr. Alfred P. Reid,* for the defendant in error:

1. It is settled by the verdict that the property of the plaintiff was injured by the county of Chester in the construction of the approach to a county bridge. This court has indicated that a liberal interpretation is to be given to § 8, art. XVI., of the constitution: New Brighton v. U. P. Church, 96 Pa. 331; Reading v. Althouse, 93 Pa. 400; Pusey v. Allegheny, 98 Pa. 522; Pusey's App., 83 Pa. 67; Williams v. Pittsburgh, 83 Pa. 71; Bachler's App., 90 Pa. 207; Patent v. Railroad Co., 14 W. N. 545.

2. The framers of the constitution classed counties as municipalities: § 8, art. IX. Acts of assembly recognize the same meaning: §§ 1, 2, act of March 12, 1866, P. L. 84; acts of April 20, 1874, P. L. 65, and April 12, 1875, P. L. 46. This court has also fixed the meaning of the term, municipality: Commonwealth v. Morrisey, 6 W. N. 72. By act of April 15, 1834, P. L. 538, counties shall have capacity as bodies corporate, to

sue and be sued, etc. The courts have always recognized them as corporations : Kittaning Acad. v. Brown, 41 Pa. 270: Wharton v. School Directors, 42 Pa. 358; Diamond v. Lawrence Co., 37 Pa. 353; Robinson v. Jefferson Co., 6 W. & S. 16.

3. Counties are invested with the privilege of taking private property for public use. A road is a county road, opened by order of the court of the county, for the benefit of the people of the county and paid for by the county. The county takes or participates in the taking : act of June 13, 1836, P. L. 555; District of Pittsburgh, 2 W. & S. 320; Penn. Township v. Perry Co., 78 Pa. 457; Bedford Turnpike Co. v. Franklin Co., 6 S. & R. 228; In re Towanda Bridge, 91 Pa. 216; In re Springdale Road, 91 Pa. 263.

4. This clause of the constitution does not require legislative aid to make it operative. The class therein named "shall make just compensation for property taken, injured and destroyed." The legislature has provided no remedy, and to hold that the constitutional right cannot be enforced until such remedy is provided is to say that the legislature is superior to the constitution : Stevens v. Middleburg Canal, 12 Mass. 466; Hooker v. New Haven, 14 Conn. 146 (36 Amer. D. 477).

5. Where no special remedy is provided by law, an action on the case is well brought for the injury : 1 Chit. Pl., 142; Duncan v. Railroad Co., 94 Pa. 435; Patent v. Railroad Co., 14 W. N. 545; Edelman v. Yeakel, 27 Pa. 26; Pittsburgh v. Grier, 22 Pa. 54.

OPINION, MR. JUSTICE PAXSON :

There was no taking of the property of the plaintiff below by the county of Chester, for the purpose of constructing the bridge on Gay street over the French creek, in the borough of Phœnixville. The claim was for consequential damages caused by the erection of the abutments of the bridge some fourteen feet above the grade of the street in front of the plaintiff's house. It follows that under the law as it stood at and prior to the adoption of the constitution he would have been without remedy : Struthers v. Dunkirk R. Co., 87 Pa. 282, and cases there cited. The constitution of 1874 made a radical change in the law as regards consequential injuries. Section 8 of article XVI. of that instrument declares that : " Municipal

and other corporations and individuals invested with the priv-. ilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction."

The jury have found that the construction of the approaches to the bridge was an injury to the plaintiff's property; hence if the county of Chester is a corporation within the meaning of said section of the constitution, the liability for such injury necessarily follows. It is true a county is not in a strict technical sense a municipal corporation. It is a public corporation erected by the state for political purposes. One of its chief objects is the furtherance of the general policy of the state at large, especially in the due administration of justice, the preservation of the public peace, etc. It lacks powers of legislation, which in some form and to some extent are always possessed by municipal corporations. A county is a public, as distinguished from a private corporation, and while it aids in the enforcement of the policy of the state, it regulates to some extent the local affairs of the people within its borders. It is sometimes called a quasi municipal corporation. In any event it is a corporation; it has its common or corporate seal; it acts through its duly constituted officers, and it may sue and be sued. The clause in the constitution above recited is very broad in its terms. The framers of that instrument were seeking to redress what this court has repeatedly declared to be a great hardship, and which was regarded by many persons as a great wrong, viz.: the exemption of corporations from consequential damages where they injured private property without an actual taking thereof in the erection and construction of their works. The convention had before it the case of O'Connor v. The City of Pittsburgh, 18 Pa. 187, in which a valuable property in the city of Pittsburgh was seriously injured by the change of grade of a street. This court held that as the law then stood no relief could be afforded. How reluctantly we did so may be gathered from the language of Chief Justice GIBSON in delivering the opinion of the court. He said: "We have had this cause re-argued in order to discover, if possible, some way to relieve the plaintiff consistently with

law, but I grieve to say we have discovered none." When, therefore, the convention took in hand the redress of this grievance they did it thoroughly. They said practically, that hereafter neither corporations nor individuals in Pennsylvania clothed with the power of eminent domain, should injure private property, without making compensation therefor, by "the construction or enlargement of their works, highways or improvements," whether any portion of such private property was actually taken or not. The language of the constitution is to be construed liberally so as to carry out and not defeat the purpose for which it was adopted: Leonard v. Com., 112 Pa. 607. The section referred to was intended to embrace, and the language thereof is broad enough to embrace every corporation and individual in the state clothed with the power of taking private property for public use. It is true counties do not possess this power in its general or enlarged sense; yet it is equally clear that they do possess it to a limited extent in the matter of opening roads and constructing bridges. We need not elaborate so plain a proposition.

We see no difficulty as to the form of action. The legislature has not provided any remedy to enforce the constitutional provision, so far as counties are concerned. But the constitution confers a right upon the citizen to recover consequential damages in certain cases, and he cannot be deprived of that right by the neglect or omission of the legislature. When a right exists and no adequate remedy is provided, it may be enforced by an action on the case: Penn. R. Co. v. Duncan, 111 Pa. 352.

Judgment affirmed.