# Borough of Carlisle, Appellant, *v.* Cumberland Valley Railroad Co.

*Equity—Injunction—Nuisance—Railroads—Siding — Switch — Watchman's box—Borough streets.*

A railroad company chartered by special act, which has located and operated the line, so authorized, with the acquiescence and agreement of the authorities of a borough, through one of its streets, will not be enjoined by a court of equity from maintaining, in that street, a siding found reasonably necessary for the convenient operation of the railroad. The siding having been found reasonably necessary, it follows that a switch and watchman's box required for the proper operation of the siding cannot be declared to be a public nuisance.

Argued March 13, 1922. Appeal, No. 5, March T., 1921, by plaintiff, from decree of C. P. Cumberland County, March T., 1917, No. 2, in equity, dismissing exceptions, in the case of Chief Burgess, Assistant Burgess and Town Council of the Borough of Carlisle, known as the Borough of Carlisle, v. The Cumberland Valley Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ. Affirmed.

Bill for injunction and answer. Before MCPHERSON, P. J., 51st Judicial District, specially presiding.

342 CARLISLE BORO., *v.* CUMBERLAND VAL. R. R. CO.

Statement of Facts—Opinion of the Court. [79 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

The court below issued an injunction requiring the defendant company to make its tracks conform to the grade of the street, but refused all other prayers of the bill. Exceptions of both plaintiff and defendant were dismissed. Plaintiff appealed.

*Errors assigned* were the decree of the court and its action in dismissing plaintiff's exceptions.

*G. Wilson Swartz,* for appellant.—A borough street dedicated and accepted as a public street cannot subsequently be obstructed by the borough or by anyone acting with the consent of the borough: Sharon Borough v. Penna. Co., 44 Pa. Superior Ct. 526; Pittsburgh v. Epping-Carpenter Co., 194 Pa. 328.

The pleas of necessity cannot avail to excuse one who causes or maintains a nuisance: Haugh's App., 102 Pa. 42.

*Walter K. Sharpe,* for appellee.—The right to build a switch and siding is included as a necessary incident in the right to build a railroad: Beaver Borough v. Beaver Valley R. R. Co., 217 Pa. 280.

Findings of fact sustained by competent evidence will not be questioned by appellate courts: Davis v. Willig, 56 Pa. Superior Ct. 423; Hathaway v. Newell, 247 Pa. 460; Duffey v. Jennings, 247 Pa. 388.

OPINION BY KELLER, J., July 13, 1922:

The Cumberland Valley Railroad Company was incorporated under the special Act of April 2, 1831, P. L. 373, with power to make, erect and establish a double railroad upon such route as the president, managers, etc., should adopt and determine as expedient, with a right-of-way not more than five rods wide, beginning at the Borough of Carlisle, and passing through Cumberland

County by the nearest and best route, to a point on the Susquehanna River at or near Harrisburg. By the supplement of April 15, 1835, P. L. 376, power and authority was given the company to construct said railroad from the Susquehanna River, by way of Carlisle and Shippensburg, to Chambersburg. Pursuant to said acts the railroad company shortly thereafter established its route and built its railroad, occupying longitudinally a portion of High Street in the Borough of Carlisle, from the center square of the borough westwardly to the borough limits as extended, forming, at the time the railroad was built, part of the right-of-way of the Harrisburg, Carlisle and Chambersburg turnpike road but since condemned. Between College Street and West Street it now maintains a single track railroad with a blind siding connecting with the main track at College Street and extending eastwardly 579 feet to a point near West Street. To connect this siding with the main track a switch standard of the style, pattern and size commonly used by railroad companies, is maintained by the defendant company along its tracks, east of College Street, and a small frame shed or box erected for the purpose of housing or protecting the switchman employed to operate this switch and act as a watchman at the crossing of High and College streets is maintained by the defendant immediately west of College Street.

This bill was filed by the Borough of Carlisle (1) to have the said siding, switch standard and watchman's box declared public nuisances and their further maintenance and operation enjoined, and (2) to restrain the defendant company from maintaining its track and rails along High Street otherwise than at the same grade or level as the rest of the street, so as not to obstruct or impede travel thereon. The learned chancellor entered a decree requiring the defendant company to bring its rails and ties down to or below the grade of High Street, between College and West streets, so that travel over that portion of said street shall not be unduly impeded or in-

terfered with by the maintenance thereon of its track, switch and siding; but refused the remaining prayers of the bill. The borough alone appealed.

We do not deem it necessary to detail at length the facts relative to the construction of the railroad along High Street and the various changes in the location of its tracks and sidings thereon made at the request of or with the acquiescence of the borough authorities. They are set forth fully in the opinion of the learned chancellor, and are supported by the evidence in the case. It is sufficient to say that the present location of the track and siding between College and West streets was the result of negotiations between the railroad company and the borough council and was established by the railroad company in 1885 with the permission of the council, pursuant to a resolution duly adopted, and resulted in a reduction of the number of tracks on High Street between those points. The highway there is approximately seventy-nine feet wide between property lines and fifty-five feet between curb lines, and the distance from the nearest point of the southern rail of the siding to the southern curb line is about twenty-six feet, which is left clear for vehicular traffic.

The learned chancellor found that the railroad company in locating its route and constructing its railroad through the Borough of Carlisle pursuant to said acts of assembly followed the right-of-way of the Harrisburg, Carlisle & Chambersburg turnpike road from Hanover Street to the then western limits of the borough, describing it in their resolution of location as Main Street (now High Street), and lawfully acquired thereover and thereon, through said borough, a right-of-way for a double-track railroad with the necessary sidings.

He also found that the warehouses or manufacturing plants for whose accommodation the siding in controversy was originally laid, in order to permit turnouts or private sidings to lead into them, had been abandoned and the turnouts removed; but that said siding is never-

theless used daily, except Sunday, in connection with the operation of ten passenger trains of the defendant company, as well as for unloading some freight cars, and is reasonably necessary for the convenient operation of the railroad. These findings are supported by evidence and will not be disturbed: Steinmeyer v. Siebert, 190 Pa. 471.

We agree with the court below in its conclusions that the charter of the defendant company vested in it the right to construct, maintain and operate a railroad through the Borough of Carlisle, and in connection with the various resolutions of the borough council and the acquiescence of the borough authorities, conferred upon said company the right to construct, maintain and operate said railroad on and along High Street in said borough: Cleveland & Pittsburgh R. Co. v. Speer, 56 Pa. 325; Com. v. Erie & N. E. R. Co., 27 Pa. 339, 354, 355; Struthers v. Dunkirk, etc., Ry. Co., 87 Pa. 282; that this right carried with it the authority to construct, maintain and operate such switches, sidings, etc., as are reasonably necessary for the convenient operation of the said railroad: C. & P. R. Co. v. Speer, supra; L. S. & M. S. Ry. Co. v. Wiley, 193 Pa. 496; Beaver Boro. v. Beaver Valley R. Co., 217 Pa. 280; and that, as to the siding complained of, consideration must be given to the fact that the borough authorities had consented to its present location.

The court has found that this siding is used daily in the operation of the railroad company's passenger trains and in such a way as not to impede unduly the use of the highway by the general traveling public, and that it is reasonably necessary for the convenient operation of the railroad. It follows as a matter of course that the switch and switch standard required for the proper operation of said siding are likewise reasonably necessary for the convenient operation of the railroad.

We also agree with the court below that "the existence of the switch and the necessity for the protection of the public in crossing Main Street or High Street, at its intersection with College Street, make the employment

by the defendant, of a switchman and watchman at this point a proper act in the performance of its public duty." As the court has found that the location of the watchman's box is a proper one and such as does not unreasonably impede or obstruct the use of the highway by the general traveling public, we are of opinion that no error was committed in holding that its maintenance by the defendant company is reasonable and proper and within its rights under its charter, and does not create a public nuisance to be abated by a court of equity.

The assignments of error are overruled and the decree is affirmed. The costs on this appeal to be paid by the appellant.