## Petition of Library Company of Philadelphia

*J. Lee Patton,* for petitioner.

*Howard E. Stern,* assistant city solicitor, contra.

LEWIS, J., July 27, 1934.—The Library Company of Philadelphia, owner of the premises 148-150-152 North Eighth Street, in the City of Philadelphia, has filed its petition under the Act of June 17, 1913, P. L. 520, praying the appointment of a jury of view to assess the damages which the petitioner alleges have resulted from injury to petitioner's buildings by reason of the construction by the City of Philadelphia of a subway as a part of transit facilities undertaken in accordance with power conferred upon the city by the statute referred to. It is alleged that, as a result of the necessary excavation and underpinning and as a necessary and unavoidable consequence of the performance of the work without negligence on the part of the contractors, and of the operation of the subway, the petitioner's property settled and cracked and was otherwise damaged by reason thereof.

The City of Philadelphia has filed its answer, denying any legal ground for the remedy sought by the petitioner, averring that petitioner had no right of action and that, even if there was a right of action, the remedy should be by an action of trespass and not by the appointment of a jury of view.

The construction of the subway was authorized by the Act of 1913 above cited and by an ordinance approved August 29, 1928, p. 507. Construction was undertaken by Henry W. Horst Company, beginning about March 7, 1930, and proceeding to completion. The petitioner alleges that it is entitled to compensation by reason of the provisions contained in article XVI, sec. 8, of the Constitution of the State, which provides, inter alia:

"Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction. . . ."

The petitioner's right to a jury of view, if such right exists, must be sought within the confines of the Act of June 17, 1913, P. L. 520, since we do not find authority for the construction of transit facilities in the general acts governing proceedings before the board of view, viz., the Act of May 16, 1891, P. L. 75, amended by the Act of June 12, 1893, P. L. 459, and the Act of May 28, 1913, P. L. 368.

The Act of June 17, 1913, P. L. 520, sec. 6, authorizes the municipality to "purchase, acquire, enter upon, take, appropriate, occupy, and use such lands, rights, and interests therein, property and franchises. . . ." Section 7 provides for the entry of bond in cases where the city and the owner of "lands, rights, and interests therein, property or franchises, to be taken" cannot agree as to damages. Section 8 provides for the appointment of a jury of view to meet upon "the premises or lands taken or appropriated, or upon which there is property, or with respect to which there are rights, interests, or franchises taken, used or appropriated. . . ."

The words "injured" or "destroyed" are not to be found in the act.

Can the right to consequential damages be inferred in the absence of these words? Or do the words "injured" and "destroyed" have such a settled and accepted meaning in this State, as referring to consequential damages, that their omission from the act warrants a conclusion that the legislature did not intend to permit the recovery of consequential damages by reason of the construction undertaken pursuant to authority conferred by this act?

Prior to the adoption of the present Constitution, no liability existed on the part of the municipality or other corporations for consequential damages arising from the exercise of eminent domain: O'Connor v. Pittsburgh, 18 Pa. 187; Struthers v. Dunkirk, Warren and Pittsburgh Ry. Co., 87 Pa. 282.

Of course, liability existed for property actually taken or appropriated, but the section of the present Constitution referred to was intended to extend the right of recovery to consequential damage, which was done by adding after the word "taken" the words "injured" or "destroyed".

It follows, therefore, that the use of the words "injured" or "destroyed" was intended to confer liability for consequential damages, and it must also follow that their omission from the Act of June 17, 1913 (although they may be found in other acts relating to the exercise of the power of eminent domain) indicated that they were omitted by the legislature for a purpose. The conclusion becomes inescapable that the purpose of the legislature was that this particular act should not impose liability upon the municipality for consequential damages. We will not undertake to infer or supply in the act words omitted therefrom which, had they been contained in the act, would have conferred jurisdiction upon the board of view in these proceedings. The petitioner is not entitled to a jury of view unless legislation created the right to it and imposed liability for consequential damages. It is well settled that the right to consequential damages cannot be enforced in the absence of a statute providing the remedy. The legislature may determine the class of owners to which the compensation mentioned in the Constitution may be given, but unless the legislature by statute so provides, the owner is without remedy: Westmoreland Chemical & Color Co. v. Public Service Commission, 294 Pa. 451.

In the case just cited, Mr. Justice Kephart said, at pages 457, 458:

"In a case similar to the facts now before us, we held our present Constitution gave the right to consequential damages: Chester Co. v. Brower, 117 Pa. 647; Delaware Co.'s App., 119 Pa. 159, even though no statute imposed the liability. In such case, recovery could be had in an action at law classified under old forms of pleading as an action on the case: P. R. R. Co. v. Duncan, 111 Pa. 352; Chester Co. v. Brower, supra, p. 656. We there stated that a county was a municipality within article XVI, liable for consequential damages to property injured by change of grade, though the State had not provided a remedy. These cases were in opposition to repeated expressions of the court as to the effect of similar constitutional provisions. Since then, these decisions have been modified, if not set aside. We have returned to our former policy of placing the right

to damages within the grant of the sovereign, and the rule is now well settled that damages for consequential injuries can not be recovered by a property owner under the present Constitution, unless the legislature gave that right and imposed such liability on the municipality; it may determine the class of owners to which the compensation mentioned in the Constitution may be given (Donnelly v. Pub. Ser. Com. and P. R. R. Co., 268 Pa. 345; State Highway Route No. 72, 265 Pa. 369; Spang & Company v. Com., 281 Pa. 414; Hoffer v. Reading Co., supra [287 Pa. 120]; but unless the legislature, by statute, so provides, the owner is without remedy. The question was put at rest in Jamison v. Cumberland Co., 48 Pa. Superior Ct. 32, affirmed in 234 Pa. 621, where our former decisions were before the court. In discussing the earlier cases, it was there stated that, when counties erect bridges pursuant to statutory authority, and, under such laws property is taken, the constitutional provision requires them to make compensation for property taken, injured or destroyed. The effect of that decision was to reduce Chester Co. v. Brower, supra, and Delaware Co.'s App., supra, to the recovery of damages under a statute."

In the case of McGarrity, Admr., v. Com., 311 Pa. 436, decided on May 3, 1933, Mr. Justice Kephart said, at page 439, quoting with approval the decision in Soldiers and Sailors Memorial Bridge Case, 308 Pa. 487:

"The owner is without remedy unless the legislature provides one. . . . Claims for consequential damages are not within the class of damages comprehended by a taking of property under eminent domain. . . . The title of the act shows no attempt to impose liability for such damage on the State; . . . such damages were entirely omitted from the title."

The court goes on to say:

"A statute can not authorize the taking of private property for public use *without just compensation;* otherwise the act would be unconstitutional: Article I, section 10 of the Constitution, supra. The Constitution does not bar the enactment of a statute authorizing the taking of such property with compensation, and if, in the taking, consequential damages result, the statute may provide for just compensation to be made for such damages. If a statute does provide for compensation for consequential damages, the legislative intent so to do must be clearly set forth in the title of the act."

See also Penn Builders, Inc., v. Blair County, 302 Pa. 300 (1931), Blainesburg-West Brownsville Road, 293 Pa. 173 (1928), Lenhart v. Wright et al., 286 Pa. 351 (1926), Jackman v. Rosenbaum Co., 263 Pa. 158 (1919), and Snively v. Washington Township, 218 Pa. 249 (1907).

In all the cases above cited, recovery was refused because there were no legislative provisions or enabling acts upon which the right of recovery could be based, notwithstanding allegation of substantial damages.

In McGee's Appeal, 114 Pa. 470, the Supreme Court refused, in the absence of legislation, to apply the constitutional provision to damages arising from vacation of a street. See also Hare v. Rice et al., 142 Pa. 608, and In re Melon Street, 182 Pa. 397.

We are not unmindful of the decision in Hirsh v. Patrick McGovern, Inc., 100 Pa. Superior Ct. 1 (1930), where Mr. Justice Cunningham, after deciding the case upon another ground, stated (p. 5):

"When an improvement by a municipal corporation is the direct and proximate cause of the injury and the damage is the necessary and unavoidable consequence of the non-negligent performance of the work by the municipality or its contractor, but there is no legislation providing for the appointment of viewers with power to award just compensation, the property owner may enforce his right against the municipality by an action in the nature of tres-

pass on the case: County of Chester v. Brower, 117 Pa. 647; Pennsylvania Railroad Co. v. Duncan, 111 Pa. 352, affirmed under the title of Pennsylvania Railroad v. Miller, 132 U. S. 75."

The foregoing remarks were clearly dicta, since Mr. Justice Cunningham goes on to say:

"All we now decide is that this appellant, having grounded his action upon the alleged negligence of the contractor and having admittedly failed in the proof thereof, was not entitled to go to the jury."

It does not appear that any attempt was made in the Hirsh case to construe the Act of 1913. Had the court's remarks been more than dicta, we feel that they would have been found to be in conflict with the Westmoreland Chemical and C. Company case, supra, which definitely limited the application of Chester County v. Brower to the recovery of damages under a statute; further, the expression of opinion in the Hirsh case runs counter to the numerous appellate decisions herein cited, where it was held that the owner is without remedy unless the legislature provides one.

The city's contention that, even if a right of action existed, the latter should be by trespass may be disposed of briefly. The petitioner has expressly averred that the damage resulted "as a necessary and unavoidable consequence of the performance of the work without negligence on the part of the contractor." No question of negligence, either on the part of the contractor or of the city, has been raised. The petitioner, upon its own showing, has no right of action in trespass. The injury complained of was not caused by negligence and was an injury which was unavoidable for the accomplishment of municipal purposes: Stork v. Philadelphia, 195 Pa. 101; Fyfe v. Turtle Creek Borough, 22 Pa. Superior Ct., 292.

The petition of the Library Company of Philadelphia for the appointment of a jury of view is dismissed.