## Gray *v.* North Versailles Township, Appellant.

*Road law—Location—Relocation—Supervisors.*

Where a public road has been actually located and opened on the ground, the supervisors have no authority, without the consent of the owner of the land, to shift the location of the road, and this is the case even where the road as opened was not on the location intended by the viewers.

Argued Nov. 11, 1903.   Appeal, No. 189, Oct. T., 1903, by defendant, from decree of C. P. No. 3, Allegheny Co., Aug. T., 1902, No. 369, on bill in equity in case of Rachel H. Gray and G. E. F. Gray v. North Versailles Township et al.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Bill in equity for an injunction.

McCLUNG, J., filed the following opinion:

Bill to restrain the defendant from shifting the location of

a public road, which is one of the boundaries of the plaintiff's land.

At the opening of the trial, the defendants, other than the township of North Versailles, admitted that they had no right to occupy the land in dispute without plaintiff's consent and disclaimed any intention of doing so.   It appeared, however, that they had co-operated with the township in relocating the road and had actually done the work of grading.   After the decision in Dempster v. United Traction Company, 205 Pa. 70, however, they admitted that the existence or nonexistence of the public road did not effect their rights as against plaintiffs.

### FINDINGS OF FACT.

The plaintiffs are owners in fee of a tract of land in North Versailles township, Allegheny county.

At No. 4 of December sessions, 1891, a petition was presented and pursuant thereto the public road, thirty-three feet in width, as to the location of which this controversy arises, was laid out across plaintiff's said land; the viewers' report having been confirmed absolutely and the order to open issued June 14, 1892, and the road was opened on the ground.

The road as thus opened was used by the public until the fall of 1901 or early part of 1902, when the township commissioners (North Versailles having become a township of the first class) had a resurvey made, and discovering that the location of the road was too far south, proceeded to shift it.

Plaintiffs never gave their consent to this change of location, nor have they so acted as to estop themselves from questioning it.

It may be well here to note in addition a fact, which whilst not essential to the conclusion, illustrates the situation of the parties, to wit: The plaintiffs upon July 19, 1899, sold and conveyed to W. B. Carson by metes and bounds all of their said tract of land situate south of the center line of the road as then opened and used.

### CONCLUSIONS OF LAW.

The defendant, the township of North Versailles should be enjoined and restrained from shifting the location of said road

through and along plaintiffs' land and from opening or extending said road to a greater distance, northwardly, than sixteen and a half feet from the center line of the road.

The defendants should pay the costs.

## OPINION.

It is clear that the road under consideration was not opened on the location intended by the viewers. For a portion of the distance the entire opened road was off the viewers' location, and for the whole distance through plaintiffs' land, a portion of it was off the recorded location.

It is just as clear, however, that the opening of the road on the ground fixed its location.

Supervisors have no authority to relocate a road in order to place it on what might be supposed its recorded location: Holden v. Cole, 1 Pa. 303; Furniss v. Furniss, 29 Pa. 15; McMurtrie v. Stewart, 21 Pa. 322; Cook v. Deerfield Twp., 64 Pa. 445; Van Buskirk v. Dawley, 91 Pa. 423; Morrow v. Commonwealth, 48 Pa. 305; Ross v. Malcom, 40 Pa. 284; Clark v. Commonwealth, 33 Pa. 112; Commonwealth v. Dicken, 145 Pa. 453.

And in Hancock v. Wyoming Borough, 148 Pa. 635, the doctrine that " when once a public highway has been located and laid out upon the ground and used by the public, its location cannot be changed except by proceedings under the road laws " was reiterated, and a bill in equity to restrain such change of location was sustained.

Defendants, however, cite (1) the Act of June 19, 1901, P. L. 573, and (2) claim that plaintiffs are estopped by delay in filing their bill.

The act of 1901 provides: " In all cases where public roads in this commonwealth have been or may hereafter be laid out by viewers, and the report of such viewers has been or may hereafter be confirmed by the court, according to law, the width thereof fixed and ordered to be opened and the same has been or may hereafter be opened, with the roadbed or tract thereof traveled by the public located within the line of such road as originally laid out, such lines shall be and remain the boundary line of such road, unless the location of such road has been or may be changed by due course of law,".

But this road was not located within the line of the road as originally laid out, and hence the act does not apply.

The act was evidently passed to modify the extreme ruling in Furniss v. Furniss, 29 Pa. 15, where the opening was within the lines as laid out by the viewers, but for a portion of the way it was opened for only half the authorized width, and that on the " Sidwell " side, and the Supreme Court, held that when the completion of the opening came, it must be with the center line of the entire road in the center of the " Sidwell " half of the road.

To apply this act to the present case would impose upon plaintiffs' land a servitude for the whole or a part of this road without any compensation whatever.

They had a right to take the law as it existed in 1899, when they made their conveyance, and they had then been compensated so far as the present tract is concerned for only half the road, whilst it is now proposed to increase their burthen for the whole distance, and part of the way to impose the entire road upon them and in addition leave a small part of their land disconnected and possibly worthless.

Nor do we think plaintiffs are estopped. They did not assent to the change. There was some little delay in filing their bill, but they say this was because they had not time to investigate and were not fully aware of their rights.

Defendants answer that they were bound to know their rights. But if this is true, then, by the same token, defendants were bound to know that they did not have the right to shift the road, and we have the case presented in Woods v. Wilson, 37 Pa. 379, and Bright v. Allan, 203 Pa. 394.

" When both parties are aware of their respective rights, the doctrine of estoppel has no place in law or equity."

The court entered a decree enjoining the shifting of the road.

*Error assigned* was the decree of the court.

*G. A. Johnson*, with him *J. F. Calhoun* and *A. C. Johnson*, for appellant.

*William Yost*, for appellees, was not heard.

PER CURIAM, January 4, 1904 :

The decree is affirmed on the opinion of the court below, appellant to pay costs.