Brown, Appellant, *v.* Radnor Township Electric Light Company.

| 208 | 453 |
| f208 | 460 |
| 208 | 453 |
| d214 | 2631 |
| 208 | 453 |
| 216 | 2567 |

*Corporations—Electric light company—Township—District.*

An electric light company may be incorporated for a township. The word "district" in the second section of the Act of May 8, 1889, P. L. 136, is not to be restricted merely to a division of a city or borough.

*Corporations—Electric light companies—Power of eminent domain.*

Under the Act of May 8, 1889, P. L. 136, an electric light company has, from the express terms of the act, a limited power of eminent domain, and under such power may enter upon the bed of a turnpike road, and erect its poles and string its wires, notwithstanding the objection of abutting owners who own the fee in the bed of the road.

MESTREZAT, J., dissents.

Argued Feb. 10, 1904.    Appeal, No. 257, Jan. T., 1903, by plaintiffs, from decree of C. P. Delaware Co., March T., 1903, No. 233, dismissing bill in equity in case of Martha Morris Brown and Mary J. B. Chew v. Radnor Township Electric Light Company.    Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and THOMPSON, JJ.    Affirmed.

Bill in equity for an injunction.

The bill set forth that the plaintiffs are the owners of a tract of about 500 acres of land situate in the township of Radnor, Delaware county, on both sides of the Philadelphia and Lancaster turnpike road extending for about 6,000 feet along the same and that they own the fee in the road.

That the defendant is a corporation chartered under the electric light act, on April 13, 1903, and is about to erect poles and wires along the turnpike road in front of and upon the

lands of the plaintiffs without legal right and without having obtained their permission.

The plaintiffs submitted to the court that there was no warrant in law for the creation of an electric light company for the township of Radnor, and that the defendant had no lawful franchise authorizing it to erect its poles upon their property; that it was not vested with the right of eminent domain, and contended that the erection of the poles and wires would constitute a trespass upon their lands and their rights in the turnpike road.

The bill prayed for an injunction and other relief.

The answer denied the ownership of the plaintiffs and particularly their ownership of the land within the lines of the Philadelphia and Lancaster turnpike road. It set up that the defendant had erected its poles and wires, prior to the filing of the plaintiffs' bill and had a legal right to so erect them without permission from the plaintiffs and averred that it had filed a bond to the plaintiffs in the sum of $4,000 to secure them for any damage which might be done to them by the erection of the poles and wires.

The court entered a decree dismissing the bill.

*Errors assigned* were (4, 5) in refusing plaintiff's fourth and fifth conclusions of law quoted in the opinion of the Supreme Court, and (6) in dismissing the bill.

*William I. Schaffer*, for appellants.—An electric light company has not the power of eminent domain: Penna. R. R. Co. v. Canal Comrs., 21 Pa. 9; Dempster v. United Traction Co., 205 Pa. 70.

A corporation must have the right to take private property or it does not possess the power of eminent domain. It cannot enter upon a road in a township, without having the right to take private property, because the ownership of the abutter, in the land, subject to the public easement of passage, is private property: Hinnershitz v. United Traction Co., 206 Pa. 91; Penna. R. R. Co. v. Montgomery Co. Pass. Ry. Co., 167 Pa. 62; Dempster v. United Traction Co., 205 Pa. 70; Sterling's Appeal, 111 Pa. 35; Fisher v. Coyle, 3 Watts, 407; Woods v. Greensboro Natural Gas Co., 204 Pa. 606; Phillips

v. Dunkirk, etc., R. R. Co., 78 Pa. 177 ; Scranton Electric Light, etc., Co.'s App., 122 Pa. 154 ; Becker v. Lebanon, etc., St. Ry. Co., 188 Pa. 484 ; Becker v. Lebanon, etc., St. Ry. Co., 195 Pa. 502.

An electric light company is not authorized to erect poles or wires upon a rural highway without the abutting owner's consent or the acquisition of his title : Palmer v. Larchmont Electric Co., 6 N. Y. App. Div. 12 (39 N. Y. Supp. 522); Hogan v. Larchmont Electric Co., 6 N. Y. App. Div. 609 (39 N. Y. Supp. 1125).

An electric light company cannot be incorporated for a township : Bly v. White Deer Mountain Water Co., 197 Pa. 80.

*John G. Johnson*, with him *W. Roger Fronefield, V. Gilpin Robinson* and *Charles E. Morgan*, for appellee.—No decision of the courts can be found which says that the district named shall be less than a township, or that it shall be more than a township, or that a township may not be the territorial limit for the exercise of the corporate franchises.

It has been the uniform practice of the department at Harrisburg to grant charters for water companies, electric light companies, etc., to cover a township or less, or a district other than a city or borough.

The case of Bly v. White Deer Mt. Water Co., 197 Pa. 80, to which reference is made, in terms recognizes that a charter may be granted to a water company covering a township as a district.

The appellee is authorized to enter upon a public highway in the township of Radnor and to erect poles and string wires thereon without the consent of the abutting property owners, upon giving such owners adequate security for payment of damages : Haverford Electric Light Co. v. Hart, 13 Pa. C. C. Rep. 369 ; Zanziger v. Wayne Electric Light Co., 6 Pa. Dist. Rep. 577 ; Freeland v. Penna. R. R. Co., 197 Pa. 529.

Necessary powers may be regarded as conferred by the thirty-fourth section of the General Incorporation Act (Act of April 29, 1874, P. L. 73) as amended : Scranton Electric Light & Heat Co.'s App., 122 Pa. 154.

Electric light poles and wires along a public highway should

not be regarded as an additional servitude : Palmer v. Larchmont Electric Co., 158 N. Y. 231 (52 N. E. Repr. 1092).

OPINION BY MR. JUSTICE DEAN, March 21, 1904 :

The plaintiffs are owners of a tract of land containing about 500 acres in Radnor township, Delaware county, through which runs the Philadelphia and Lancaster Turnpike Road. The tract lies on both sides of the turnpike road for about one mile. The Radnor Township Electric Light Company was incorporated April 13, 1903, under authority of the General Act of April 29, 1874 and the act of May 8, 1889. The general act provides that corporations for profit of the second class may be organized for " the manufacture and supply of gas or the supply of light, heat and power by means of electricity or the supply of light, heat or power to the public by any other means."

This gives full power of corporate organization to manufacture for and to supply the product to the public. But there is still wanting by express language a location wherein the power of the corporation may be exercised. That, the second section of the act of May 8, 1889, undertakes to point out in these words :

" Every such corporation shall have the authority to supply light, heat and power or any one of them, by electricity, to the public in the borough, town, city or district where it may be located, and to such persons, partnerships and corporations, residing therein or adjacent thereto, as may desire the same, at such prices as may be agreed upon, and the power also, to make, erect and maintain the necessary buildings, machinery and apparatus for supplying such light, heat and power to any one of them, and to distribute the same, with the right to enter upon any public street, lane, alley or highway for such purpose, to alter, inspect and repair its system of distribution : Provided, that no company which may be incorporated under the provisions of this act, shall enter upon any street in any city or borough of this commonwealth until after the consent to such entry, of the councils of the city or borough in which such street may be located, shall have been obtained."

In the case before us the Electric Light Company claims the right to erect its poles and string its wires at the side of the

turnpike road where that road extends through the lands of appellants and to that end tendered bond to them conditioned for payment of all damages; this bond was refused and thereupon the court approved it; appellants then filed this bill for an injunction to restrain the light company from proceeding with the work.   On hearing the court below refused the injunction and dismissed the bill; thereupon the landowners brought this appeal.

The appellants prefer seven assignments of error to the legal conclusions of the court, but they are all grouped around or are embodied in the fourth and fifth as follows:

" 4. The court erred in refusing to find as a conclusion of law that the defendant is not by its charter, letters patent and franchise invested with the power of eminent domain and is without power or authority to enter upon the highway known as the Philadelphia and Lancaster Turnpike Road and upon the lands of the plaintiffs as requested in their second request for findings of law.

5. The court erred in refusing to find as a conclusion of law that the defendant is not authorized by law to exercise its franchise in the township of Radnor and that the grant of letters patent to it authorizing it to exercise its franchise in the said township of Radnor was contrary to law as requested in the plaintiff's third request for findings of law."

It is argued by appellants that under the legislation quoted there is no power of eminent domain conferred on this corporation, that the land is as fully theirs now as it ever was; that the turnpike company has a mere easement upon the surface which it holds subject to the fee in the owner and that any attempt of any corporation in the absence of express grant, to appropriate any part of the land to any other purpose is a plain violation of the owner's property right.   To sustain this argument Penna. R. R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62; Dempster v. United Traction Co., 205 Pa. 70, and others of our own cases are cited.   We concede that inferentially under the legislation on which those cases are founded, or rather in the absence of legislation giving a right of eminent domain to the corporation, the argument here is sound, on the assumption that the acts of assembly are the same.   But the legislation here is essentially different.   The

express grant by the statute is to a corporation to supply light, heat and power by electricity to the public in the borough, town, city or district where it may be located and to such persons, partnerships and corporations residing therein or adjacent thereto as may desire the same.    Then, by its charter Radnor township, Delaware county, is pointed out as its place of business or operation, with a principal office at Harrisburg. The public of Radnor township do desire the same, for it may be fairly assumed that the electric company would not invest its capital and make its improvements for those who did not want and would not use its product.    The power to create a corporation within the terms of the act is unlimited ; it is restricted only by its purpose and it must designate the locality of its operations.    Much significance in the argument is placed on the word " district " in the act as a word used in a restrictive sense.    To give the word its common meaning it would unquestionably embrace a township as well as many other subdivisions of territory, although in its application it would in many cases include less territory than a township, such as an election district or a school district, but if no subdivision of the township be indicated it would point to a township as the district meant.

The act names four divisions or descriptions of territory where the corporation may locate its works : first come the three, borough, town, city ; but there is still one other kind of territory where the necessity for such a plant is manifest, a necessity just as great as in the first three; the word township would include it, but in many cases might include much more than desirable for the purpose of electric lighting or power, so to make the description all embracing as to territory, the word district is added which may include a township or less than a township.    Therefore, that its unlimited corporate power to manufacture or produce shall not be excluded from any territory of the state where it may be desired by the inhabitants or it may be advantageous to the corporation to locate its works, a descriptive word is used which is unlimited in its application as to territory except by the limitation placed upon it by the statute and charter.    To narrow the meaning of the word district so as to include only subdivisions of boroughs and cities is a strained interpretation.    If such had been the

intention of the legislature, it would have been wholly unnecessary to name any division other than boroughs or cities; but there are towns which are neither cities nor boroughs, and districts both townships and less than townships.    The act had accomplished its purpose in its descriptive words by covering all of them.

It is argued that the right of eminent domain is nowhere given in this act and that if conferred it must be by construction, which is in direct opposition to the authorities both in this country and in England.    Our own leading case, Penna. R. R. Co. v. Canal Commissioners, 21 Pa. 9, which is only in line with all the authorities on the subject holds that, " Corporate powers can never be created by implication nor extended by construction."    As we have noticed, the corporate power to make or produce the light in the district specified by the statute and its certificate is unlimited ; it necessarily follows that this power to manufacture was given for purposes of distribution in the district where the corporate power was to be exercised ; to exercise this power, a limited right of eminent domain at least, must be conferred, so these words follow :

" Every such corporation shall have the authority to supply light, heat and power," etc., " and the power, also, to make, erect and maintain the necessary buildings, machinery and apparatus for supplying such light, heat and power, or any of them, and to distribute the same, with the right to enter upon any public street, lane, alley or highway for such purpose, to alter, inspect and repair its system of distribution."

It is difficult to see how the power thus conferred can be said to be by implication or construction ; true, no power to actually take and appropriate land is given, but an additional servitude is imposed upon the land, a servitude additional to that of the turnpike company and this by express positive grant. It cannot be doubted that the legislature had the power to do this ; that it did not authorize the taking of all it might have authorized in no way defeats the grant of a merely additional servitude.    That the words " right of eminent domain " are not used is wholly immaterial.    The power is conferred to the extent specified in apt language.

We are of opinion that appellee had the power of eminent domain to the extent it attempted to exercise it and that the

court below committed no error in negativing appellants' fourth and fifth conclusions of law. All the assignments of error are overruled and the decree is affirmed.

MESTREZAT, J., dissents.

