## Spring Brook Water Supply Company, Appellant, *v.* Pennsylvania Coal Company.

*Water companies—Laying pipe under public road—Coal lands— Support.*

Where a water company lays its pipes under a township road without making any compensation to the owner of the land, and thereafter, the owner, a coal company, removes the coal in its mining operations, and the surface of the road subsides and injures the pipes, the water company cannot recover damages from the coal company for the injuries sustained.

Argued March 4, 1913. Appeal, No. 41, March T., 1913, by plaintiff, from judgment of C. P. Luzerne Co., Dec. T., 1908, No. 377, for defendant on case tried by the court without a jury in case of Spring Brook Water Supply Company v. Pennsylvania Coal Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to water pipes. Before FULLER, J.

The case was tried by the court without a jury under the act of April 22, 1874.

The court found the facts to be as follows:

1. The plaintiff is a corporation of this commonwealth created for the purpose of supplying water to the public, or the supplying, storage or transportation of water and water power for commercial and manufacturing purposes, in the district comprising the counties of Luzerne and Lackawanna.

2. In the exercise of its corporate powers the plaintiff controls, uses and maintains, and has controlled, used and maintained for its corporate purposes during the period of time embracing the claim in this action, certain lines of water pipe in and under certain public highways of this county, viz., (1) a main water pipe twenty-four inches in diameter, laid in 1889, under the Main Road from the village of Duryea to Pittston in the township of Marcy; (2) a main water pipe twenty inches in diameter, laid in 1899, under the Back Road from the village of Moosic to Pittston in said township; (3) a branch water pipe of diameter not given, laid prior to 1896, leading from the first-named main pipe under a road then in said township, now known as McAlpine street in the borough of Duryea, which was incorporated out of said township in 1901; (4) a branch water pipe of diameter not given, laid in 1899, leading from one of said main pipes under a road then in said township, now known as Wright street in said subsequently incorporated borough of Duryea.

Thus it appears that when the pipes were laid the highways were township roads, not embraced within the limits of any city or borough, although afterwards the highways known as McAlpine street and Wright street were embraced within the borough of Duryea.

No evidence has been adduced other than the mere incorporation of that borough, and the fact of prior location in a township, by which we can determine the physical classification of the highways as urban or suburban at any time prior to the suit brought.

3. No evidence was adduced to show by what authority the said water pipes were thus laid under said highways, whether by municipal consent, or by private arrangement, or by judicial proceedings, or otherwise howsoever, or to show that they were laid with defendant's knowledge, and no compensation was ever paid by the plaintiff to the defendant for the privilege of laying the same.

The purpose subserved by said pipes under said high-

382 SPRING BROOK W. S. CO., Appellant, *v*. PA. C. CO.

Statement of Facts—Assignment of Errors. [54 Pa. Superior Ct.

ways is to transport water from the reservoirs of plaintiff situated in Lackawanna county and deliver it to sundry subsidiary water companies supplying water to sundry municipalities and the inhabitants thereof in the county of Luzerne, the stock of which subsidiary companies is owned, or their property leased and controlled by the plaintiff.

4. The defendant is a corporation of this commonwealth created for the purpose of mining coal, and, by sundry conveyances between 1851 and 1871 acquired title to the lands abutting upon and embracing the said highways after the latter had for some time been opened and used as public thoroughfares.

5. In the course of its mining operations upon the said land, the defendant, during the years 1906, 1907, and 1908, prior to the institution of this action, removed on "second mining" the pillars of coal which had been left on "first mining" under the said roads and adjacent to the lines thereof on both sides, thus depriving the surface of its natural support, and, on account of the close proximity of the coal to the surface, causing the latter to fall in, whereby plaintiff's said water pipes were displaced and broken, necessitating repairs at a total cost to the plaintiff of $816.13.

6. The mining operations aforesaid were not conducted in a negligent manner, nor with willful intention to inflict injury, but in a careful and workmanlike manner, according to the usual course of removing such pillars, though with foreknowledge by the defendant of the consequence which would certainly result, and did result, from the removal as above stated, namely, the subsidence of the surface which was bound to occur whether the mining was done in a careful and workmanlike manner or otherwise.

The court entered judgment for defendant. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant.

*John McGahren,* with him *Laurence H. Watres* and *Eugene A. Brennan,* for appellant.—The plaintiff was authorized by law to use the public roads and streets here in question for the purpose of laying and maintaining water pipes thereon and transporting and conveying water through the same for the use of the public.

The defendant coal company had no right to remove the coal pillars from under the highways in question without substituting adequate artificial support, so as to obstruct the same or impair, interfere with or destroy their use for the purpose of passage or any other purpose authorized by law: McDevitt v. Gas Co., 160 Pa. 367.

But even assuming that the laying and use of the water mains in the highways in question did, in law, amount to an additional servitude, payment or security of compensation therefor was not necessarily a condition precedent to its existence: Connellsville Gas Coal Co. v. R. R. Co., 216 Pa. 309; Oliver v. Ry. Co., 131 Pa. 408; Penna. Gas Coal Co. v. Gas Co., 131 Pa. 522; Davis v. Ry. Co., 114 Pa. 308; Lawrence's App., 78 Pa. 365.

*F. W. Wheaton,* with him *Warren, Knapp & O'Malley,* for appellee.—Plaintiff's water main was an additional burden in law: Sterling's App., 111 Pa. 35; Penna. R. R. Co. v. Ry. Co., 167 Pa. 62; McDevitt v. Gas Co., 160 Pa. 367; Bloomfield, etc., Gas Light Co. v. Calkins, 62 N. Y. 386; Kincaid v. Gas Co., 124 Ind. 577; Board of Trade Tel. Co. v. Barnett, 107 Ill. 507.

Plaintiff's water main was an additional burden in fact. Whether plaintiff was a trespasser, as would be the case under Sterling's App., or a licensee, defendant owed it no affirmative duty of support: Gillis v. R. R. Co., 59 Pa. 129; Gramlich v. Wurst, 86 Pa. 74; Breckenridge v. Bennett, 7 Kulp, 95; Woods v. Lloyd, 1 Mona. 254; Thompson v. B. & O. R. R. Co., 218 Pa. 444; Paget v. Girard Trust Co., 44 Pa. Superior Ct. 597.

Payment or security of compensation for the addi-

tional servitude was a condition precedent to affirmative right of support: McClinton v. Ry. Co., 66 Pa. 404; Mountz v. R. R. Co., 203 Pa. 128.

OPINION BY PORTER, J., July 16, 1913:

The plaintiff company is duly incorporated, for the purpose of supplying water to the public, under the provisions of the Act of April 29, 1874, P. L. 73, and its supplement of May 16, 1889, P. L. 226.  The defendant company is and for many years has been the owner in fee of a tract of land, the surface as well as the coal with which it was underlaid, over which certain township roads have for many years been opened and used as public highways. The plaintiff company, in the year 1889, laid its water mains under these township roads and has since then maintained them.  The defendant company in its mining operations removed from its land the coal underlying these township roads, in the years 1906 and 1907, and as a consequence there was a subsidence of the surface which disturbed and injured the water pipes of the plaintiff company to an extent which has required repairs at various times, costing in the aggregate $816.13.  The plaintiff brought this action of trespass, alleging the right to recover of the defendant the amount of the expenditure thus occasioned.  The case was tried before the learned judge of the court below, without a jury, under the provisions of the Act of April 22, 1874, P. L. 109.  The learned judge entered judgment in favor of the defendant company, and the plaintiff appeals.

The learned judge found the facts above stated and, in addition, found the following facts, to which no exception was taken in the court below, which findings are not challenged by any specification of error.  The defendant company is the owner of the fee over which these township roads are located.  No compensation was ever paid or secured to the defendant by the plaintiff for the privilege of laying its water pipes under the township roads.  There is no evidence that these pipes were laid with the knowl-

edge or acquiescence of the defendant company. The defendant company mined out the coal under these roads in a careful and workmanlike manner, and without willful intention to inflict injury.

The appellant, plaintiff, contends that because the statutes under which it was incorporated invested it with the right of eminent domain "to enter upon such lands and enclosures, streets, lanes, alleys, roads and highways and bridges, as may be necessary to occupy . . . . and to occupy, ditch and lay pipes through the same, and the same from time to time to repair . . . . and if any injury be done to private property the said company shall make compensation therefor;" it had the right to lay its pipes in these township roads without the consent of owners of lands over which the roads were located, and without paying or giving security for the payment of compensation to such owners for the additional servitude thus imposed. There is a marked distinction between township roads and city streets, not only with regard to the rights which accrue to the owner when his land is taken for these purposes, respectively, but also with regard to the uses to which the land thus taken may be subjected without further compensation to the owner. When land is taken for a township road, compensation to the owner is a matter of grace and not of constitutional right: Lamoreaux v. Luzerne County, 116 Pa. 195; East Union Township v. Comrey, 100 Pa. 362; Road in Plumcreek Township, 110 Pa. 544; Wagner v. Salzburg Township, 132 Pa. 636. When the grade of such a road is changed the owner is not entitled to damages for the consequential injury to his abutting property: Jamison v. Cumberland County, 48 Pa. Superior Ct. 32, and 234 Pa. 621. With regard to such a road it was said, in Stirling's Appeal, 111 Pa. 35: "By appropriating land for the specific purpose of a common highway, the public acquires a mere right of passage with the powers and privileges incident to such right. The fee still remains in the landowner notwithstanding the public have acquired a right to the free and uninterrupted

use of the road for the purpose of passing and repassing; and he may use the land for his own purposes in any way that is not inconsistent with the public easement. He may, for example, construct underneath the surface passageways for water and other purposes, or appropriate the subjacent soil and minerals, if any, to any use he pleases, provided he does not interfere with the rights of the public. In other words, the only servitude imposed on the land is the right of the public to construct and maintain thereon a safe and convenient roadway, which shall at all times be free and open for public use as a highway. It is in view of this servitude that damages may be awarded to the owner. Laying and maintaining a pipe line, at the ordinary depth below the surface, necessarily imposes an additional burden on the land, not contemplated either by the owner or by the public authorities, when the land was appropriated for the purpose of a public road. It is a burden, moreover, which to some extent, at least, abridges the rights of the landowner in the soil traversed by the road, and hence it is a taking within the meaning of the constitutional provision. requiring just compensation to be made for property taken, injured or destroyed." It was in that case held that a corporation vested by statute with the right of eminent domain to lay its pipes in a township road was subject to art. XVI, sec. 8, of the constitution, requiring municipal and other corporations invested with the privilege of taking private property for public use to make just compensation for property taken, injured or destroyed by the construction or enlargement of their works; which compensation shall be paid or secured before such taking, injury or destruction. When land is taken by a city or borough for purposes of a street the owner is within this constitutional provision and is entitled, if he so desires, to have the amount of his damages determined by a jury trial. The uses to which the bed of such a public street may be put are more extended and varied than the servitude imposed upon the land occupied by a township road:

McDevitt v. People's Natural Gas Co., 160 Pa. 367, and Shinzel v. Bell Telephone Co., 31 Pa. Superior Ct. 221.

This plaintiff might have acquired the right to lay and maintain its pipes in these township roads by complying with the provisions of the statutes which invested it with the right of eminent .domain and securing to the defendant company compensation for the additional servitude which it thus imposed upon the land: Bly v. White Deer Mountain Water Co., 197 Pa. 80; Brown v. Electric Light Co., 208 Pa. 453. Had it done this, it might have elected to have the coal necessary to support the pipe line remain in place, or it might have waived this right of support and assumed the risk of the subsidence of the surface after the removal of all the coal, and the damages would have been ascertained upon the basis of that election: Penn Gas Coal Co. v. Versailles Fuel Gas Co., 131 Pa. 522; Davis v. Jefferson Gas Co., 147 Pa. 130. This appellant did nothing of this kind, but assumed that it had the right to impose a servitude upon the land of the defendant without making compensation therefor, it laid its pipes without the knowledge of the defendant, made no attempt to agree on the compensation to be paid for the privilege, and never tendered security for payment of compensation, when ascertained. When a corporation enters upon the lands of another in this manner, it was said, in Oliver v. Railway Co., 131 Pa. 408: "Or, they may enter without compliance with the law, or treaty with the owner, in which case they acquire no title, but are trespassers, and liable to an action of trespass or ejectment, at the election of the owner." This plaintiff entered upon the land of the defendant company as a trespasser, it never acquired title or the right to have the coal which supported its pipe remain in place, and so far as indicated by the evidence in this case it remains a trespasser to the present day. The defendant did not have the right to injure the property of the plaintiff willfully and intentionally, but it owed it no positive duty to support its pipe.

The judgment is affirmed.