## Plank-Road Company *versus* Thomas.

1. The Commonwealth may constitutionally authorize the six per cent. of land, in its natural state, reserved for roads, to be used for that purpose, without compensation to the grantee, his heirs or assigns.

2. But where buildings are removed, or other valuable improvements are injured or destroyed in the making of a new road, the right of compensation is guarantied by the Constitution. But where land is so taken there can be no recovery except where directly authorized by statute.

3. The Act of 26th January, 1849, regulating turnpike and plank-road companies, contained no provision for the payment of damages for land taken for a plank-road, but claim was given by the first section of the supplementary Act of 7th April, 1849, in all cases *of injury* committed under the sixth section of the original act. It was *held*, that, by the latter Act, a person is entitled to recover damages for his *woodland* and also for his improved land on which the road was located; and in estimating the damages, the advantages and disadvantages were to be considered.

4. An owner of land over which a turnpike or plank-road is made under

[Plank-Road Company *v.* Thomas.]

the acts alluded to, may recover damages to an amount, which, if added to the present value of his land, would make it worth as much as it was before the road was made.

5. On the trial in the Common Pleas of an appeal from the report of the viewers, allowed by the second section of the said Act of 1849, a person is not objectionable as a witness because he had been a viewer.

6. A person was objected to as a witness, on the ground of his being one of the owners of the land alleged to be injured, but the objection was not accompanied by proof of the fact: *Held*, that not being a party to the record, and his interest in the land not being shown, his admission as a witness was not a ground of reversal.

7. It lay upon the company which desired to restrict the recovery by the plaintiff on the ground of his being but *a tenant of the land*, to prove the nature of his tenancy, if he were a tenant, and to show the restriction as to the recovery of damages.

8. As to *fences*, see Plank-Road Company *v.* Ramage, postea.

ERROR to the Common Pleas of *Allegheny county.*

This was a proceeding by Michael Thomas *v.* The Perrysville and Zelionople Turnpike or Plank-Road Co., under the Act of incorporation of 5th April, 1849 (*Acts*, p. 402), and the 9th section of the Act of 14th May, 1850 (*Acts of* 1851, p. 854), to recover damage done by the location of the road through the farm occupied by Thomas. The company was incorporated under the Act of 5th April, 1849, subject to the provisions and restrictions of the Act of 26th January, 1849, regulating turnpike and plank-road companies: *Acts*, p. 10, &c. To this latter Act a supplement was passed, which was approved on the 7th April, 1849. The second section of the supplemental Act allowed an appeal from the assessment of the freeholders to the Court of Common Pleas.

On the trial of the appeal in this case, it was proved, on the part of Thomas, that he was a *tenant* of the land in question, and that his lease had two years to run from 1st April, 1852, and that the road run 75 rods through the land.

A witness, called to testify as to the amount of damage, was objected to on account of his having been a viewer in the case; also, objection was taken to plaintiff's proving any damage done, inasmuch, it was alleged, as his remedy was against his landlord. The witness was admitted.

Another witness was objected to as being one of the owners of the land. His admission was excepted to. He testified that the rent of Thomas was $400.

Several points were submitted on the part of the company, as follows:

1. That the plaintiff, being a mere tenant or occupier of the land through which the defendants' road passes, is not entitled to recover for the cost of any new fence which might be required by the diversion of the road from the old line; the remedy therefor, if any, belonging to the owners of the soil, and not to their lessee.

2. That, if the tenant is entitled to any allowance on the footing of the necessity of fencing to protect his crops, it is only to the

[Plank-Road Company *v.* Thomas.]

extent of the value of the fences upon the old road, or the cost of their removal; or to such a proportion of the value of the new fences, as the term of his lease from the time of the entry by the defendants would bear to the whole duration of a new fence.

3. That, if the amount of land taken in consequence of the deviation, is less than the amount restored by the abrogation of the old road, the tenant has not sustained injury thereby for which he is entitled to recover, and that if he is entitled to recover by reason thereof, the annual value of the land, or the reasonable rent thereof, would be the measure of damages therefor.

4. That the plaintiff had a right, under his lease, to move the old fence from that part of the road which is now superseded, and to cut or take from the land the amount of timber which would be required to make the said fence reasonably sufficient for the purpose of protecting his enclosures.

5. That the tenant being evicted from the possession of the land occupied by the new road, by title paramount, has a right to an abatement of the rent to the extent of the loss.

M'CLURE, J., in reply to the first point, charged:—

"The plaintiff is entitled to damages for his actual expenses in repairing, moving, or making fences. Plaintiff is a tenant, and all is disadvantage in his case.

"2. The Court charges negatively, and the jury may deduct what he can get for his fence, however, when he has ceased, by the termination of his lease, to use it.

"3. The restoration of the old road may be estimated as an offset to the damage done by taking the new one. You will consider whether the old road is worth reclaiming at all for the time he could use it."

The *fourth* point was affirmed. To the *fifth* the Court charged negatively, adding that the company was not liable *as a trespasser,* but for damages.

Verdict was rendered for plaintiff for $100.

Error was assigned to the admission of the two witnesses; and to the testimony objected to, and to the answers to the 1st, 2d, 3d, and 5th points.

*Williams,* for plaintiff in error.

The opinion of the Court was delivered, December 20, 1852, by
BLACK, C. J.—So far as we know or believe, every grant of land within this Commonwealth, from the first settlement down to the present day, has contained an express reservation to the state, of six acres out of every hundred, for roads. The legislature may authorize the land so reserved to be used for its proper pur-

[Plank-Road Company *v.* Thomas.]

poses, without paying the value of it to the grantee, his heirs or assigns. The six per cent. belongs to the state, and she may constitutionally appropriate it to the use it was meant for. I speak now of land in its natural state. Where buildings are pulled down, or other valuable improvements destroyed, in the making of a new road, the right of compensation is guarantied to the owner by the constitution. But for mere land so taken there can never be a recovery, except when directly authorized by a statute.

Is there any act of Assembly which gives the defendant in error a right to demand damages for the appropriation of his land in this case?

The sixth section of the general law, regulating turnpike and plank-road companies, passed 26th January, 1849, provides that the company may enter upon all the lands in, through, and over which the road may pass, with the same right and under the same penalties as supervisors of highways. It contains no provision for damages, and the ninth section does not help it out. The compensation there provided is for another class of injuries, namely, those which the company may commit on the contiguous lands by entering to get materials. The act of 1849, therefore, gives authority to the turnpike and plank-road companies to take the land of private individuals for the bed of the roads, without paying for it. But by the first section of a supplementary act, passed the same session (27th April, 1849), it is declared that, in all cases of injury committed under the sixth section of the original act, the owner shall be entitled to recover damages, to be assessed in the manner prescribed by the ninth section. This provision for compensation is as broad as the authority to take the land, given by the previous statute to the company; and if the plaintiff below had no right to be compensated for the injury done to his woodland, then the company had no right to put their road on it. It is very clear, that as the company were authorized to take the land by the original law, and made liable to all damages by the supplement, the Court was right in refusing to make any distinction between the wood-land and the rest of the farm. By section nine of the act of 14th May, 1850, the advantages were required to be taken into consideration, in estimating the damages. From all these statutes, taken together, it results that a person upon whose land a turnpike or plank-road is located, may recover damages to an amount which, if added to the present value of his land, would make it worth as much as it was before the road was made. In other words, he may lawfully demand compensation for all his land appropriated, as well as all his improvements destroyed, deducting therefrom the benefits and advantages which he derived from the road, and the additional value given by it to his property.

[Plank-Road Company *v.* Thomas.]

The main question being thus settled, a few words will dispose of the rest.    The admission of one witness is complained of, because he had been a viewer.    This certainly did not render him incompetent.    The admission of the other was objected·to, because he was one of the owners of the land, but the objection is not accompanied by any proof of the fact.    He is not a party on the record, and there is nothing whatever to show that he is interested in the result of the cause.

It was submitted to the Court below, that the plaintiff being a mere tenant or occupier of the land, his right to recover was restricted within certain limits mentioned.    His occupancy of the land does not hurt his standing in Court, and we find nothing in any part of the record which shows whether he was a tenant in fee or in tail, for life, for years, or at will.    Something is said in the notes of evidence about a paper, which is called "agreement with plaintiff, a lease, or his title to possession;" but we are furnished with no means of determining what it is like.    We can make nothing out of a point so presented.

Judgment affirmed.