## Jamison, Appellant, *v.* Cumberland County.

*Road law—Change of grade—Statutes—Repeal—Acts of May 1, 1905, P. L. 318, and June 8, 1907, P. L. 505.*

1. The state road Act of June 8, 1907, P. L. 505, amending sec. 16 of the Act of May 1, 1905, P. L. 318, repealed the earlier act in so far as it related to damages for change of grade.

2. Where no change of grade was actually made on the ground until after the passage of the act of 1907, no recovery could be had under the act of 1905. Whatever constitutional rights to damages an owner might have for a change of grade made after the act of 1907, could be enforced by an action at law.

Argued March 8, 1909. Appeal, No. 21, March T., 1909, by plaintiff, from order of Q. S. Cumberland Co., Docket No. 30, dismissing petition for appointment of viewers in case of Rebecca Jamison v. Cumberland County. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for appointment of viewers

The opinion of the Superior Court states the case.

*Error assigned* was order dismissing petition.

*J. W. Wetzel,* of *Wetzel & Hambleton,* for appellant.—There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retrospectively, unless the language is so clear as to preclude all questions as to the intention of the legislature: Sproul v. Standard Plate Glass Co., 201 Pa. 103; Smith v. Illinois Central R. R. Co., 36 Pa. Superior Ct. 584; Lane v. White, 140 Pa. 99.

*S. B. Sadler,* with him *Millard F. Thompson,* for appellee.

Per Curiam, April 19, 1909:

The sixteenth section of the Act of May 1, 1905, P. L. 318, provided as follows: "In case any person or persons, or corporations, shall sustain damage by any change in grade, or by the taking of land to alter the location of any highway which may be improved under this act, and the county commissioners and the parties so injured cannot agree on the amount of damages sustained, such person or corporations may present their petition to the court of quarter sessions for the appointment of viewers to ascertain and assess such damage; the proceedings upon which said petition and by the viewers shall be governed are by the laws relating to the assessment of damages for opening public highways, and such damages, when ascertained, shall be paid by the respective counties, and afterwards apportioned by the State Highway Commissioner according to the provisions of section fifteen." This section was amended by the Act of June 8, 1907, P. L. 505, so as to read in the same way excepting that the words "by any change of grade" were omitted. As a general rule, a statute amendatory of another, declaring that the prior statute shall read in a particular way, repeals all provisions not retained in the altered form. So that, at the time the appellant presented her petition for the appointment of viewers to ascertain and assess the damages she had sustained by the change of grade, there was no statute in force authorizing it, unless, as is argued, the repeal was not intended to, and

could not constitutionally, affect the appellant and others similarly situated, because her right to damages had accrued at the passage of the amendatory statute. But the injury which she complained of, and on which her claim to recover damages is founded, is the change of grade of the highway immediately in front of her premises, and that was not made and the work was not begun until after the passage of the act of 1907. The rule established by the decisions under similar statutes is that it is the physical change that gives the right of action, and we are not prepared to hold that a different rule is applicable here. At any rate, nothing had been done before the passage of the act of 1907 which gave her a right after its passage to the remedy provided in the prior act. Of course, the amendment whereby the provision as to change of grade was stricken out could not affect any right to damages secured to her by the constitution, but the act cannot be declared unconstitutional because she is left without statutory remedy. When the legislature has not provided, or has repealed an act giving, a remedy to enforce a constitutional right to damages, the right may be enforced by action at law: Chester County v. Brower, 117 Pa. 647. The case is not the same as if the appellant were left without any remedy whatever. As the learned judge below well says, the right of the legislature to repeal the sixteenth section of the act of 1905 cannot be questioned, and the simple question here is, was it repealed? We entertain no doubt that such was the intention of the legislature and the effect of the act of 1907, at least so far as physical changes of grade made, and proceedings to recover damages therefor begun, after its passage are concerned.

The order is affirmed at the costs of the appellant.