## Jamison v. Cumberland County, Appellant.

*Road law—State roads—Liability of county—Change of grade.*

A county is not liable for damages resulting from a change of grade of a township road reconstructed by the state highway department under the Act of May 1, 1905, P. L. 318, after the passage of the Act of June 8, 1907, P. L. 505.

Argued March 13, 1911. Appeal, No. 13, March T., 1911, by defendant, from judgment of C. P. Cumberland Co., Sept. T., 1909, No. 56, on verdict for plaintiff in

case of Rebecca Jamison v. Cumberland County. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Case stated to determine liability of county for change of grade of a township road. Before SADLER, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was judgment for plaintiff for $700 on the case stated.

*S. B. Sadler,* with him *M. F. Thompson,* for appellant.— No liability was imposed upon the county: East Union Twp. v. Comrey, 100 Pa. 362; Freeze v. Columbia County, 6 W. N. C. 145; Plumcreek Twp. Road, 110 Pa. 544; Wagner v. Salzburg Twp., 132 Pa. 636; Shoe v. Nether Providence Twp., 3 Pa. Superior Ct. 137; Chester County v. Brower, 117 Pa. 647; Miller v. Lehigh County, 181 Pa. 622; Lafean v. York County, 20 Pa. Superior Ct. 573; Lamoreux v. Luzerne County, 116 Pa. 195; Winner v. Graner, 173 Pa. 43; Snively v. Washington Township, 218 Pa. 249.

It is well established in Pennsylvania that counties though quasi municipal corporations have no obligations imposed upon them unless expressly directed by statute: Lamoreux v. Luzerne County, 116 Pa. 195; Bucher v. Northumberland County, 209 Pa. 618; Kelley v. Cumberland County, 229 Pa. 289.

It has frequently been decided in Pennsylvania that where changes of grade are made, and a method of assessing damages has been provided by legislation that no liability attaches, or no right vests until the actual physical change upon the ground: Odgen v. Philadelphia, 143 Pa. 430; Howley v. Pittsburg, 204 Pa. 428; Plan 166, 143 Pa. 414; Clark v. Philadelphia, 171 Pa. 30; Jones v. Bangor Boro., 144 Pa. 638; Allegheny v. King, 18 Pa. Superior Ct. 182.

*J. W. Wetzel,* of *Wetzel & Hambleton,* for appellee.—A county has the right of eminent domain as to open roads: Chester County v. Brower, 117 Pa. 647; Delaware County's App., 119 Pa. 159; Penna. R. R. Co. v. Marchant, 119 Pa. 541; Miller v. Lehigh County, 181 Pa. 622; Lafean v. York County, 20 Pa. Superior Ct. 573.

OPINION BY PORTER, J., October 9, 1911:

The plaintiff brings this action of trespass against the county of Cumberland to recover damages for injury to her land alleged to have resulted from the change of grade of a public road upon which the land abutted.   The road in question was an old township road located in East Pennsboro township and its improvement was undertaken and completed by the state highway department, under the provisions of the Act of May 1, 1905, P. L. 318, which entered into a contract with Hafer & Co. to do the work, in the year 1907.   There was no change in the location of the road in front of plaintiff's property.   None of her land was taken but the grade of the road in front of the land was raised several feet and it is agreed in a case stated that the property of the plaintiff was damaged as a consequence of this change of grade.   The actual change in grade in front of plaintiff's property was not made until some months after June 8, 1907.   The act of May 1, 1905, had, in its ninth and sixteenth sections, made provision for the payment, among other things, of damages resulting from the change of grade of highways improved under that statute and provided a remedy for the ascertainment and recovery of such damages, the same to be paid by the counties in the first instance and ultimately seventy-five per cent of the amount to be paid by the state, twelve and one-half per cent by the county, and twelve and one-half per cent by the township.   These sections of the statute were amended by the Act of June 8, 1907, P. L. 505, and the statute as thus amended contains no provision giving the right of compensation to owners of land injured by a change of grade of the road, or fur-

nishing a remedy for ascertaining the amount of such injury. The plaintiff, after the change of grade in front of her property had been made, first attempted to assert a right to recover by petitioning for the appointment of viewers, under the original terms of the sixteenth section of the statute, but the court below refused to appoint viewers and upon appeal the judgment was affirmed by this court: Jamison v. Cumberland County, 39 Pa. Superior Ct. 385. We there held that it was the physical change of grade which gave the right of action, if any, and as that change was not made until after the act of 1905 had been amended, she could not found any right to recover upon that statute. The plaintiff subsequently brought this action of trespass and, the facts having been agreed upon in a case stated, the court below was of opinion that the plaintiff was entitled to recover, under the provisions of art. XVI, sec. 8, of the constitution: "Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, etc., . . . . and the amount of such damages in all cases of appeal shall on the demand of either party be determined by a jury according to the course of the common law." The county of Cumberland now appeals from that judgment.

The question presented involves the consideration of the powers, duties and liabilities of a county in relation to a township road, within the county, improved by the state highway department, under the provisions of the act of 1905. Counties, in Pennsylvania, are recognized as quasi corporations upon which duties wholly involuntary are imposed. They possess no power and can incur no obligations not authorized by statute: Bucher v. Northumberland County, 209 Pa. 618. When counties are "invested with the privilege of taking private property for public use," the constitutional provision requires them

to make compensation for property taken, injured or destroyed "by the construction or enlargement of their works, highways or improvements." Counties have by statute been clothed with authority to erect and maintain county bridges, and the exercise of that power to appropriate private property is left to the discretion of the county commissioners; such bridges are exclusively the "works or improvements" of the county, and in the exercise of the power thus expressly conferred the counties are subject to the provisions of the section of the constitution above quoted: Chester County v. Brower, 117 Pa. 647. The Act of June 26, 1895, P. L. 336, and its supplements have conferred upon counties power, upon approval of the grand jury and the court of quarter sessions, "to re-locate, open, straighten, widen, extend, alter and construct any public road or highway or section thereof within the county," and provided that any road constructed or improved under its provisions should forever thereafter be a county road, the duty of keeping and maintaining the same to devolve upon the county at its expense. The liability of the county with regard to county bridges can have no bearing upon the question here involved, for the act of 1905, in sec. 19, expressly provides that the highways to be improved under that act "shall not include causeways or bridges which should properly be built by a county or by the state." The acts relating to "county roads" are limited in scope, and impose liability on a county only for such roads as are improved under their provisions; they have no bearing upon the duty or responsibility of the counties with regard to roads in general: Kelley v. Cumberland County, 229 Pa. 289.

The road with which we are now dealing was one of the general system of highways of the commonwealth, a township road, the property of the commonwealth, and the burden of keeping it in repair had been by law imposed upon the township. The county in its corporate capacity had nothing to do with it, save the authority conferred

by the act of 1905 to assist the commonwealth and the township by contributing twelve and one-half per cent of the cost of making it an improved highway. When the road was originally laid out as a highway, many years ago, the county had nothing whatever to do with it, except to pay damages and expenses in compliance with a general law of the state. The taking was by the state by right of eminent domain, in the manner provided by its laws, through the agency of the judiciary. The six per cent allowance for roads embraced in all the original grants from the proprietaries, and the commonwealth made the allowance of compensation for the land then taken a matter of grace on the part of the legislature and not of constitutional right: Lamoreux v. Luzerne County, 116 Pa. 195; East Union Township v. Comrey, 100 Pa. 362; Road in Plumcreek Township, 110 Pa. 544; Wagner v. Salzburg Township, 132 Pa. 636. The road having been opened, it was within the discretion of the supervisors of the township to change the grade of the highway from time to time as the exigencies of public travel required. Had the supervisors of the township in which this road was located, without the intervention and assistance of the state highway department, made the same change of grade in the highway, this plaintiff could not have asserted a constitutional right to claim compensation for the alleged injury to her property resulting from such change in grade: Wagner v. Salzburg Township, 132 Pa. 636; Shoe v. Nether Providence Township, 3 Pa. Superior Ct. 137; Snively v. Washington Township, 218 Pa. 249; Winner v. Graner et al., 173 Pa. 43. Any taking of, or injury to, property authorized by the acts of 1905 and 1907, involves an exercise of the right of eminent domain by the state in its sovereign capacity, acting through one of its executive departments. The statute conferred upon counties no privilege to take private property in connection with the improvement of a township road, nor did it give to a county any control over or right in such road before, during or after the completion of the

improvement. The road was a township road before the improvement was undertaken; the statute enacted, in its twentieth section, that the road should after the improvement be known as a "State Highway," but it also provided that it should be the duty of the authorities of the township within which the road was situated, after the improvement was completed, to keep the road in repair, and provided that the supervisors of the township might apply directly to the state highway department and receive aid for the maintenance of the same. The statute, as amended, does allow compensation for property actually taken in improving a road under its provisions, by the state highway department, but that, as is shown by the authorities above cited, was a matter of grace and not of constitutional right. The fact that the statute made the county the paymaster, in the first instance, for property thus taken, by the state highway department, did not constitute the county a corporation "invested with the privilege of taking private property for public use," within the meaning and spirit of the constitutional provision, nor did it vest parties whose property was not actually taken with the constitutional right to demand consequential damages for injuries alleged to have resulted from change of grade: Lamoreux v. Luzerne County, 116 Pa. 195; Wagner v. Salzburg Township, 132 Pa. 636. The county of Cumberland was not invested with the right to take private property for public use in the making of the improvement in question; the road was not and did not become a work, highway or improvement of the county or over which the county had control, and the constitutional provision in question has no application to this case.

The judgment is reversed and judgment is now entered in favor of the defendant with costs.