## State Highway Route No. 72.

*Road law—Opening and improvement — Damages — Rights of landowners.*

1. In the opening and improvement of public highways the landowners are entitled only to such redress as is given by statute, inasmuch as their claim is a matter of grace and not of constitutional right.

*Road law—Construction—Exercise of sovereign authority—Liability of Commonwealth for damages.*

2. The Commonwealth exercises its sovereign authority in the construction of public highways, and is not liable for damages occasioned thereby unless made so by express enactment.

*Road law—State highways—Change of grade—Damages—State Highway Act of May 31, 1911, P. L. 468, Sec. 61.*

3. The Commonwealth is not liable for damages occasioned to abutting property by the change of grade of a State highway where no change is made in the horizontal lines of the road inasmuch as a change of grade does not constitute "a change of existing lines and location," within the meaning of Section 16 of the State Highway Act of May 31, 1911, P. L. 468, providing for the assessment of damages resulting to abutting property.

*Statutes—Construction—Title—Title broader than act itself.*

4. Although the title of a statute may be considered in construing the statute it cannot give vitality to a subject omitted from the body of the statute nor control the plain meaning of the language of the statute.

VOL. CCLXV—24

*Constitutional law — Taking private property for public use — Compensation—Change of grade of highway—Article I, Section 10 —Road law.*

5. The change of grade of an existing highway which occasions damage to abutting property is not a taking or application of private property for public use within the inhibition of Section 10 of Article I of the Constitution, which provides "nor shall private property be taken or applied to public use without authority of law and without compensation being first made or secured."

*Constitutional law—Taking private property for public use— Compensation—Article XVI, Section 8—Not applicable to Commonwealth—Improvement of State highways—Road law.*

6. Article XVI, Section 8 of the Constitution requiring corporations and individuals invested with the privilege of taking private property for public use to make or secure compensation for the property taken, injured or destroyed, has no application to the Commonwealth engaged in the improvement of State highways.

Argued May 19, 1919. Appeal, No. 45, Oct. T., 1919, by Ellen K. Watson, H. C. Shaw and George E. Shaw, from judgment of Superior Court reversing order and judgment of the Court of Q. S. of Allegheny Co., Nov. Sessions, 1914, No. 2, and dismissing petition for the appointment of viewers to ascertain and assess damages caused by the construction and improvement of State Highway Route No. 72. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Petition for appointment of viewers to ascertain and assess damages to abutting property occasioned by a change and elevation of the grade of the State highway designated as State Highway Route No. 72, extending from Pittsburgh to Butler.

The viewers assessed damages in each of the cases against the Commonwealth awarding $2,000 in one case and $1,500 in the other case.

The Superior Court reversed the order of the lower court and dismissed the petition. See 71 Pa. Superior Ct. 85. The petitioners appealed.

*Errors assigned* were (1) the order of the Superior Court, (2-8) sustaining assignments of error to the judgment of lower court.

*John J. Heard,* with him *Samuel McClay* and *Reed, Smith, Shaw & Beal,* for appellants.—We think it entirely proper to lay great stress upon the wording of the title of the act: Eby's App., 70 Pa. 311; Halderman's App., 104 Pa. 251; Penna. R. R. Co. v. Riblet, 66 Pa. 164.

The fact that the legislature failed to use the tried formula for excluding damages for change of grade as laid down in the Act of 1907 indicates that a different rule is to be applied in constructing the Act of 1911.

The use of different language in two statutes covering the same matter is significant: Eliot v. Himrod, 108 Pa. 569, Rich v. Keyser, 54 Pa. 86.

The State Constitution gives the petitioners rights irrespective of a statute: Art. I, Sec. 10.

The Act of 1911 intended to impose upon the Commonwealth the same obligations with respect to damages where property is damaged as are imposed upon municipalities and boroughs.

The right of the State to take or damage property under the State Highway Act involves the exercise of eminent domain and is not based upon the original six per cent excess granted by the State: Jamison v. Cumberland Co., 48 Pa. Superior Ct. 32.

*Robert S. Gawthrop,* First Deputy Attorney General, with him *William I. Schaffer,* Attorney General, for appellee.—The Commonwealth is not liable for damages for change of grade of a road in the absence of a statute clearly imposing such liability on it: Wagner v. Salzburg Township, 132 Pa. 636; Snively v. Washington Township, 218 Pa. 249.

There is no statute in Pennsylvania expressly imposing liability in damages on the Commonwealth for a change

of grade of an existing State highway where no land is taken from abutting property owners.

The word "lines" has a distinct and separate meaning from the word "grade."

OPINION BY MR. JUSTICE WALLING, June 21, 1919:

The question here is as to the liability of the Commonwealth for damages occasioned by the change of grade of a State highway. Appellants' land abuts on the road leading from Pittsburgh to Butler, known as State Highway Route No. 72. By the improvement of this highway the grade thereof was raised, causing damage to the abutting property, but no change was made in the horizontal lines of the road. This occurred since the passage of the Act of May 31, 1911, P. L. 468, being the act for the establishment of a State highway department, etc., and is governed thereby.

In the original allotment of public lands six per cent was allowed for highways, which seems to be the reason for the well-settled rule that in the opening and improvement of public roads the landowner is entitled only to such redress as is given by statute, for his claim is a matter of grace and not of constitutional right: Snively v. Washington Township, 218 Pa. 249; Wagner v. Salzburg Twp., 132 Pa. 636; Lamoreux v. The County of Luzerne, 116 Pa. 195; Township of East Union v. Comrey, 100 Pa. 362; Workman et al. v. Mifflin, 30 Pa. 362, 370; Plank-Road Company v. Thomas, 20 Pa. 91; Shoe v. Nether Providence Twp., 3 Pa. Superior Ct. 137. The Commonwealth in the construction of public highways is in exercise of its sovereign authority and never liable for damages unless made so by express enactment.

Section 16 of the State Highway Act of May 1, 1905, P. L. 324, 325, provided for compensation, "In case any person or persons, or corporations, shall sustain damage by any change in grade, or by the taking of land to alter the location of any highway which may be improved under this act"; but by the Act of June 8, 1907, P. L. 510,

this section was amended by striking out the words, "by any change of grade." And under the latter no liability is incurred for damages resulting from the change of grade of State highways: Jamison v. Cumberland County, 234 Pa. 621; Same v. Same, 48 Pa. Superior Ct. 32; Same v. Same, 39 Pa. Superior Ct. 335; see also Saeger v. Commonwealth, 258 Pa. 239. Section 16 of the said Act of 1911, P. L. 519, provides that, "Before the commissioner shall undertake the construction, reconstruction, or improvement of any State highway on the plan of the State highways, wherein a change of existing lines and location is necessary and damage is likely to result to abutting property,......the owner or owners of said property, damaged thereby, may present their petition to the court of quarter sessions for the appointment of viewers to ascertain and assess such damages. The proceedings upon said petition and by the viewers shall be governed by existing laws relating to the ascertainment and assessment of damages for opening public highways," with a further provision that the damages when ascertained shall be paid by the Commonwealth. The real question here is whether a change of grade constitutes a change of existing lines and location within the meaning of the section last above quoted. Notwithstanding the able and ingenious argument on behalf of appellants, we are clearly satisfied it does not. The lines of a highway as commonly understood, and as generally used in our statutes, refer to center and side lines and not to grade lines, that is, to horizontal rather than vertical lines. Besides, to come within the act, there must be a change of lines and location. A highway is located where it is laid out and established on the ground and that is not changed by the elevation or depression of its surface any more than is the location of a building changed by raising the roof.

As the words "change of grade" were inserted in the Act of 1905 and omitted from the Acts of 1907 and 1911, we must assume that a change of meaning was thereby

intended: Rich v. Keyser, 54 Pa. 86; Endlich on the Interpretation of Statutes, sec. 384. In the Act of May 28, 1913, P. L. 368, imposing liability upon cities, etc., for damages caused by the construction and improvement of highways the words "grading" and "changing of grades" are inserted, which indicates that when the legislature intends to impose liability therefor it does so in express language.

The provisions above quoted from the Act of 1911, to the effect that the proceedings for the ascertainment and assessment of damages shall be governed by existing laws, etc., refers to the method of procedure for the collection of damages imposed upon the Commonwealth by the earlier clause of the section, but creates no new liability.

The title of the Act of 1911 (P. L. 468), includes, inter alia, a clause, "providing for the payment of damages in taking of property, or otherwise, in the improvement thereof [of highways]." And appellants earnestly contend that the use of the words, "or otherwise" in the title shows an intent to impose upon the Commonwealth liability for all damages resulting from improvement of State highways, including change of grade, and that the act should be so construed. Such contention cannot be accepted. The liability is imposed by the enacting clause, not by the title; while the latter is regarded as a part of the statute and may properly be considered in its construction (Halderman's App., 104 Pa. 251, 259; Eby's App., 70 Pa. 311, 314; Pennsylvania R. R. Co. v. Riblet, 66 Pa. 164; Yeager v. Weaver, 64 Pa. 425, 428; Brink v. Marsh, 53 Pa. Superior Ct. 293); yet the title cannot give vitality to a subject omitted from the body of the act; for while a statute cannot be broader than its title, the title may be broader than the statute; if so, the latter must control. Neither the title nor body of the Act of 1911 refers to damage for change of grade, and it cannot be written into the enacting clause merely because it might come within the general provisions of the title.

"It [the title] can never control the plain and unambiguous meaning of language of the statute": Endlich on the Interpretation of Statutes, sec. 59. To like effect see opinion of the same eminent author and jurist in Commonwealth v. Moorhead, 7 Pa. C. C. R. 513. "The act may be valid although its title is broader than the act itself": 36 Cyc. 1032. In our view it is unnecessary to pass upon appellee's contention that the word "taking" applies to the acquisition of property by condemnation and the words "or otherwise" to its acquisition by agreement.

The change of grade of an existing highway is not the taking or application of private property to public use within the inhibition of the clause of Sec. 10 of Article I of the Constitution, which says, "nor shall private property be taken or applied to public use without authority of law and without just compensation being first made or secured." And, under the authorities, it is clear that Sec. 8 of Art. XVI of the Constitution, requiring corporations and individuals invested with the privilege of taking private property for public use to make or secure compensation for the property taken, injured or destroyed, has no application to the Commonwealth engaged in the improvement of State highways.

In Allison v. Bigelow, 68 Pa. Superior Ct. 219, there was an actual taking of land by the Commonwealth, which controlling fact distinguishes that case from the present.

A full consideration of the present case will be found in State Highway Route No. 72, 71 Pa. Superior Ct. 85. As there is no constitutional or statutory liability upon the Commonwealth for the injury complained of, the Superior Court properly rejected appellants' claim.

The assignments of error are overruled and the judgment of the Superior Court is affirmed at the costs of appellants.