## Eyer v. Forks Township.

*Road law — Land taken in reconstruction of township road — State-aid highways—Act of May 31, 1911.*

1. Where the record shows that the proceedings for the recovery of damages for the taking of a piece of land in the reconstruction of a township road were under the provisions of the Act approved May 31, 1911, P. L. 468, and that there had been no prior proceedings for the taking of the land or for the widening of the road, there can be no recovery by the plaintiff in such action.

2. Roads in Pennsylvania are either State highways, State-aid highways, county roads or township roads. The only case in which the Commissioner of Highways has a right to take land is in the case of a State highway. In all other cases, the taking must be a legal taking according to acts of assembly providing for the laying out or widening of highways.

Appeal by defendant from award of viewers. Motion by defendant for judgment *non obstante veredicto*. C. P. Northampton Co., Feb. T., 1924, No. 113.

*Herbert F. Laub,* for plaintiff; *Kent & Rockwell,* for defendant.

STEWART, P. J., July 6, 1925.—This is a motion for judgment *non obstante veredicto*. Upon the trial, the defendant presented a point, "Under the law and the evidence, the verdict must be for the defendant." After the verdict, the defendant made a motion for a new trial, and we granted a rule to show cause. The third reason was that the verdict was against the law and the evidence. Technically speaking, we perhaps might have to make the latter rule absolute and compel the defendant, on the new trial, to put in that which was omitted on the present trial, and which we think is the most important matter connected with the case. In the proceedings this road is constantly referred to as being a State-aid highway. Exhibit No. 2 refers to it as

Eyer v. Forks Township.

under State Aid Application No. 1075, and the commissioners' minutes adopt the same number. In the petition, which is the foundation of the present proceeding, in the second paragraph, it is averred that a State-aid highway, as defined by an Act of the Commonwealth of Pennsylvania, approved May 31, 1911, P. L. 468, and the several supplements thereto, beginning, &c., has been laid out . . . through the lands of petitioner by the State Highway Department of the Commonwealth of Pennsylvania upon the joint application of the County of Northampton and the Township of Forks, said State-aid highway being designated as State Aid Application No. 1075. Third. That said State-aid highway has been opened as laid out, &c. Fourth. That by reason of the opening of the State-aid highway and the altering of the location of the former township road and the improvement of the State-aid highway, your petitioner has sustained great injury and damage, to wit, the taking of land for the purpose of altering the location of said State-aid highway, &c. If, however, an agreement entered into between the Commonwealth of Pennsylvania and the County of Northampton on Jan. 14, 1920, the same day as the date of the resolution of the supervisors, be referred to, it will be seen that the only thing that the Commonwealth had to do with this road was to provide for the survey, plans, specifications, materials to be used, &c., and to approve the form of the contract. That agreement is on file at Harrisburg, but a copy is on record in the Controller's office in Record of Agreements Book, No. 1, page 343. The road in question was constructed by the county at its entire expense, with the exception of $17,000 contributed by the township. The authority to construct was given by the Act of June 12, 1919, P. L. 450, which permits counties to expend money when the supervisors of the township petition the county for the improvement, representing that the highway in the township on which the money is to be expended is in need of reconstruction. Irrespective, however, of the agreement, the record shows that this road was, and still is, nothing but a township road. Under existing law, there are four classes of highways in Pennsylvania, viz.: State highways, State-aid highways, county roads and township roads. The above mistake as to the character of this road has misled everybody. It appears from the testimony that while the main object was to build a concrete road on top of the old township road, yet, nevertheless, there were serious deviations from the route of the old road, and there was the taking of a considerable strip of plaintiff's land. Whether the advantages from the concrete road accruing to the plaintiff were greater than his losses, we say not. Viewers assessed his damages at $750 and a jury returned a verdict of $500. One fact is clear: neither the county commissioners nor the State Engineer nor the township supervisors nor the contractor had any legal right to take Mr. Eyer's property, as was done, without paying for it or securing him. He should have proceeded by injunction when they first invaded his land. In Hancock et al. v. Wyoming Borough, 148 Pa. 635, the syllabus is: "When once a public highway has been located and laid out upon the ground and used by the public, its location cannot be changed except by proceedings under the road laws." In Gray v. North Versailles Township, 208 Pa. 77, the syllabus is: "Where a public road has been actually located and opened on the ground, the supervisors have no authority, without the consent of the owner of the land, to shift the location of the road, and this is the case even where the road, as opened, was not on the location intended by the viewers." See, also, Herrington's Petition, 266 Pa. 88. Now, however, he must pursue the specific remedy given him by statute, if there is any such remedy. In the leading case of Wagner v. Salzburg Township, 132 Pa. 636, it was held: "Neither the Commonwealth nor any municipality

through whose territory a public road passes is liable to land owners for damages sustained by them through the exercise of the State's power of eminent domain in the laying out and opening of the road until made so by legal enactment: Force *v.* Meily, 3 Y. 153; and when a statute gives to land owners a specific remedy for the recovery of such damages, that remedy must be pursued. . . . A township, charged by a local statute with the payment of damages arising from the opening of a public road under order of the Court of Quarter Sessions, is not a municipal corporation invested with the power of eminent domain within the purview of section 8, article XVI of the Constitution, and it incurs no liability to an action of trespass by a land owner for the recovery of such damages." The old law has been somewhat changed by the Act of May 28, 1913, P. L. 368, although it was held in Woodward *v.* Fayette County, 258 Pa. 375, as follows: "Where a road is laid out and opened in a township of the second class on petition of taxpayers in proceedings under the Act of June 13, 1836, P. L. 551, and its supplements, the county and not the township is liable for damages done to property through which the road passes. In such case, the Act of May 28, 1913, P. L. 368, relating to the assessment of damages for the opening of township and county roads, does not apply." However, the question whether the plaintiff at this date is entitled to recover any damage for the illegal taking of his land is not before us. What we do decide is that the present proceedings are void under the act under which they were commenced. This matter has been before the court in a number of cases, and both the Supreme and Superior Courts have ruled very strictly upon the subject. An examination of the Act of May 31, 1911, § 8, P. L. 468, shows that in the case of a State highway, the Commissioner of Highways may change the route and may take land. (See, also, Act of July 18, 1917, P. L. 1040.) That section was amended by the Act of May 17, 1921, P. L. 837, extending that power to the vacation of an abandoned portion of the highway, but nowhere in the act is the State Highway Commissioner permitted to take lands for the construction of a State-aid highway or of a county or township road. The taking is confined to State highways alone, and section 16 of the act gives the course of procedure, and provides that before they can build the road, where land is taken, the Commissioner of Highways must first try to make an agreement of settlement with the land owner, and if he fails in that, persons damaged may present their petition for viewers. Those sections came before the Superior Court in Allison *v.* Bigelow, 68 Pa. Superior Ct. 219, where it was held that the State was liable not only for the land taken, but also for damages such as the plaintiff in the present suit has declared on. The 32nd section of the act refers to damages for the taking of land where the road is a State-aid highway. In State Highway Route No. 72, 71 Pa. Superior Ct. 85, the syllabus is: "The Commonwealth of Pennsylvania is not liable for damages to the owners of property abutting upon a State highway so established by virtue of the Act of May 31, 1911, P. L. 468, by reason of damage or injury caused to said property in the process of the improvement or reconstruction of such highway, involving only a change or alteration of the former grade without having taken or appropriated any land, and without having changed the horizontal position of the centre or side lines of the highway." That case was affirmed in 265 Pa. 369, the syllabus of which is: "In the opening and improvement of public highways, the land owners are entitled only to such redress as is given by statute, inasmuch as their claim is a matter of grace and not of constitutional right. The Commonwealth exercises its sovereign authority in the construction of public highways, and is not liable for damages occasioned thereby unless

made so by express enactment." Mr. Justice Walling, in a very excellent opinion, fully answers the argument of the learned counsel for the defendant herein, that in no event can the present plaintiff recover on account of the original 6 per cent. grant allowed for highways.   In Wangner *v.* Bucks County, 82 Pa. Superior Ct. 448, the case of a State highway, the appointment of viewers was stricken off because there was no jurisdiction for change of grade, and in the late case of Fetherolf's Petition, 84 Pa. Superior Ct. 514. it was held that the Commissioner of Highways could make no change in the route that involved the laying out of a street in a borough.   In Saeger *v.* Com., 258 Pa. 239, it was held that the Act of 1836 is the only law with reference to laying out and vacating public highways in this State, and that the State Highway Commissioner could not vacate a portion of a public road.   (That decision has been changed by the Act of May 17, 1921, P. L. 837.)   We have referred to these authorities to show that no liberal construction has ever been permitted with respect to the road laws of this Commonwealth.   Where the plaintiff seeks recovery, he must point to the statute, and if he cannot do that, he must fail.   The taking in this case was not by the State Highway Commissioner.   Whoever took it acted without authority of law.

And now, July 6, 1925, motion for judgment *non obstante veredicto* is granted and rule made absolute, and judgment is directed to be entered on the verdict in favor of the defendant upon the payment of the jury fee, and the evidence taken upon the trial is certified and filed and made part of the record.

From Henry D. Maxwell, Easton, Pa.