From William R. Toal, Media, Pa.

## Llewellyn's Petition.

*Thomas H. Greer*, for petitioner; *J. W. Hutchison*, contra.

GALBREATH, P. J., Oct. 14, 1929.—The petitioner is the owner of a tract of land in Buffalo Township, Butler County, Pa., through which passes State Highway Route 387. Said highway was formerly a public road passing through petitioner's land, but which by proper legislation was made a State highway, known as Route 387. After the taking over of said highway by the Commonwealth, the location was changed in that portion of it which passes through petitioner's land in such manner that the highway as relocated is on different ground from the original road. On the petition of the owner, viewers were appointed to assess damages caused by reason of the relocation of said highway. The viewers in their report find that the petitioner has sustained damages and assess the same in the amount in the said report set forth. To the report so made exceptions are filed on the part of the County of Butler. The exceptions are as follows: First. The report of the viewers is defective, in that there is not attached to it any map or plot showing the amount of land taken, if any. Second. It is evident from the report of the viewers that in assessing damages sustained by Annie Llewellyn, they have considered damages on account of change of grade and have assesed the same to be paid by the County of Butler, the same being an item for which the County of Butler is not liable. Third. The said Annie L. Lewellyn is not

entitled to any damages whatsoever for or on account of the change of location, change of grade or any other matter whatsoever, for the reason that, prior to the improvement of the said road, the said Annie L. Llewellyn agreed to waive and release any and all damages.

In passing upon these exceptions, the court can consider only those things that are apparent of record. In the answer filed, however, on the part of the petitioner to the exceptions filed, it is set forth that the waiver of damages alleged in exception No. 3 had reference to another road and not to the road as relocated and now under consideration. On the argument of the exceptions, it was urged by counsel for the petitioner that the alleged waiver was given in connection with improvement of said public road prior to the time it became a State highway, and that the waiver was exhausted in the improvements so made. However this may be, it would not seem that this is a matter to be considered on exceptions to the report of the viewers, which, as we take it, should be confined to things appearing or not appearing upon the record. If, however, the alleged waiver be of such character as to be applicable to the highway as relocated, that matter can be shown by way of defense on the trial of the issue on appeal from the report of the viewers.

It is further urged on part of the exceptant that it appears from the report of the viewers that the estimate of damages included damages on account of change of grade. If this were the only factor entering into the present consideration, and if the only change made in the highway was in the grade thereof, this position would be well taken, as it has been settled by decisions of our higher courts that where the only damage alleged is that of a change of grade, without having taken or appropriated any land and without having changed the horizontal position of the centre or side lines of the highway, no damages can be given: State Highway Route No. 72, 71 Pa. Superior Ct. 85, and cases therein referred to.

The implication of these cases, however, is that where the lines of the highway are changed or an entirely new location is substituted for the former one, damages may be secured, and in the assessment of the damages, all the factors entering into the new location are to be considered. In other words, how does the relocated road, including the land taken, the lines thereof, together with the grades established, affect the value of the land through which it passes? In the case of Allison v. Bigelow, 68 Pa. Superior Ct. 219, the elements of damage which may be considered growing out of a relocation of a State highway are set forth somewhat at length. In that case it was contended on the part of the Commonwealth that damages, under section 16 of the Act of 1911, known as the Highway Act, could only be allowed or claimed for land actually taken. The court there cited that portion of section 16 of said Highway Act, which provides, *inter alia*, that when the owners of property damaged by the construction of a highway fail to agree with the proper officers, they "may present their petition to the Court of Quarter Sessions for the appointment of viewers to ascertain and assess such damages; the proceedings upon which said petition and by the viewers shall be governed by the laws relating to the ascertainment and assessment of damages for opening public highways." The court then proceeds as follows: "How much room is there for discussion as to the meaning of the language quoted? If a public road were to be opened in the usual and regular way, there could not be much doubt the paymaster must pay not only for the land actually taken in opening the new road, but also for any injury to or destruction of the property of an abutting owner necessarily brought about by the construction of the new road at the grade fixed."

It would, therefore, appear that where a highway is relocated, all elements of damage growing out of such relocation, including the grade as fixed, are matters for consideration by the viewers appointed to assess the damages.

A further exception to the report of viewers is that said report is defective, in that a map or plot showing the amount of land taken, if any, is not made a part of the report. It is to be observed that the function of the viewers was not to lay out, change or vacate a public road, but only to ascertain the damages caused by the opening of a highway according to a plan and specifications thereof prepared by the Highway Department, a copy of which plan and specifications is filed in the office of the county commissioners. It is evident that the viewers could not, if they would, change the location thus fixed. All the information concerning it is already in the possession of the exceptant in the form of a plot or draft filed in the office of the commissioners. The road as relocated was constructed, as the law requires, under the supervision of the Highway Department, and presumably is within the limits and upon the grades fixed by that department. No draft or plot which might be filed by the viewers could add anything to or detract from the things shown by the plot or draft in the possession of the county authorities.

For the reasons herein given, the exceptions to the report of viewers are dismissed this 14th day of October, 1929, and to this order a bill of exceptions is sealed for exceptant.